MAUZY & ALS. v. ˙MAUZY & ALS.

October 7, 1884.

1. MARRIED WOMEN—*Separate Estate—Jus disponendi.*—It is settled law in Virginia that a married woman may alien or charge her separate estate unless the instrument creating it expressly or impliedly denies or limits her power so to do. *Bain* v. *Buff*, 76 Va. 371.
2. DEEDS—*Construction—Motive.*—In a conveyance the words in the *habendum*, "for the sole and separate use and benefit of the wife and her children forever," do not give any estate to the children, but indicate the motive for the gift to the mother. *Bain* v. *Buff, supra.*

Appeal from decrees of circuit court of Rockingham county rendered at March term, 1880, in the chancery cause of Maggie J. Mauzy and als. by &c., against Mauzy and als. Opinion states the case.

*Wm. J. Robertson, J. S. Harnsberger,* for the appellants.

*J. E. Roller, E. S. Conrad, W. Liggett,* and *C. E. Haas,* for the appellees.

LEWIS, P., delivered the opinion of the court :

By deed bearing date October 26, 1869, Henry Kyger and others conveyed to Mrs. Maggie J. Mauzy a tract of land containing 199⅝ acres, lying in the county of Rockingham. So much of that deed as is necessary to be here referred to, is as follows: "This deed made this 26th day of October, 1869,

between Henry Kyger [and others, naming them] of the first part, and Maggie J. Mauzy, wife of Jos. N. Mauzy, of the second part, * * witnesseth : that the said parties of the first part for and in consideration of the sum of eleven thousand dollars * * do hereby *convey to the party of the second part* the following tract of land [describing it]; to have and to hold the said tract of land for the sole and separate use and benefit of the said Maggie J. Mauzy, wife of Jos. N. Mauzy, and her children forever, free from any and all marital rights of her said husband, Jos. N. Mauzy, and especially free from all liability for the debts heretofore contracted, or hereafter to be contracted by the said Jos. N. Mauzy."

Afterwards, in March, 1873, the same land was conveyed by Mrs. Mauzy and her husband to John Paul, in trust to secure the payment to Charles A. Yancey, of four certain bonds in the trust deed described.

By the two decrees complained of, the court below held, first, that the trust deed was valid, and created a lien on the land in question ; and, second, that the deed of the 26th October, 1869, conveyed the land absolutely to Mrs. Mauzy as and for her separate estate, and that her children took no interest therein whatever.

The correctness of the first decree depends upon the correctness of the last; for it is not denied that if the land was conveyed to Mrs. Mauzy alone, and not to her and her children jointly, her power to alien or to encumber it is absolute.

At common law incase of repugnancy between the premises and the *habendum* in deeds to natural persons, the latter gave way to the former ; but as in this case the deed conveys the fee only by virtue of the statute, Code 1873, ch. 112, sec. 8, which provides that when real estate is conveyed, the entire interest of the grantor shall be construed to be conveyed, unless a contrary intention appear by the conveyance, the whole deed must be looked to, in order to ascertain and give effect to the intention of the parties. *Humphrey* v. *Foster*, 13 Gratt. 653. Looking,

then, to the whole deed and the surrounding circumstances, we think the conveyance was to Mrs. Mauzy, absolutely and exclusively. If such had not been the intention of the parties, the land would doubtless have been conveyed to a trustee, to manage it and to apply the profits to the support of the wife and children, and provision made for turning over their interests to the children as they should respectively attain full age. The consideration flowed from her alone, and, her husband being insolvent, the burden of maintaining the family was cast upon her. The language of the *habendum* of the deed, already quoted, merely indicates the motive for the conveyance to her, which was to provide a home and the means of support for herself and children, free from the control of her husband, and secure from the claims of his creditors. *Wallace and Wife* v. *Dold,* 3 Leigh, 278; *Stinson* v. *Day and Wife,* 1 Rob. 459; *Penn and others* v. *Whitehead and others,* 17 Gratt. 503; *Leake, Trustee,* v. *Benson and others,* 29 *Id.* 153; *Bain & Bro.* v. *Buff's Adm'r, &c.,* 76 Va. 371; *Atkinson, Trustee,* v. *McCormick, Trustee, Id.* 791.

Decrees affirmed.