89  418
95  733
89  418
99  671
89  418
100 300
89  418
101 688
89  418
104  10
f104 384

# Richmond.

## STACE ET UX v. BUMGARDNER, TRUSTEE, ET ALS.

### November 17th, 1892.

MARRIAGE SETTLEMENT—*Power to execute trust deed.*—In view of marrying the grantee, a *feme sole* made a deed, conveying, in trust for her sole and separate use, certain land, said land not to be liable for his debts, and he to acquire no marital rights therein; she to occupy the premises and receive all the rents and profits as though she were a *feme sole* for the maintenance of herself and any children that might thereafter be born to her; she to take the property in fee if she survived him; he to sell any part at her request, her request to be evidenced by her uniting in the conveyance. After the marriage she joined in trust deeds on the land.

HELD:

1. She was entitled to the whole profits of the trust subject during her life.
2. Mention of the children was to indicate the motive of the settlement, and not to vest any present interest in them.
3. The right of encumbering her separate estate was inherent.
4. The said deeds of trust were valid to the extent of her life interest in the profits.

Argued at Staunton.   Decided at Richmond.   Appeal from decree of circuit court of Augusta county, rendered on December 5th, 1889, in the consolidated causes of *The Bergner & Engel Brewing Company* v. *Jerram et als.* ; *Stace, Trustee,* v. *Bumgardner, Trustee, et als.*, and *Bumgardner, Trustee,* v. *Stace, Trustee, et als.*   Opinion states the case as follows:

On the 21st of May, 1879, Mary Going and Henry L. Stace being about to be married, the former conveyed to the latter two parcels of land, of which she was seized and possessed, situate in Augusta county, upon certain trusts.

There is a recital in the deed to the effect that, notwith-

standing her intended marriage, the said Mary Going is to hold, enjoy, and possess the trust estate, with all the income and profits thereof, free from all claims of the said Henry L. Stace arising from the consummation of the marriage. The trusts are then declared as follows:

"That the said Henry L. Stace shall hold said land for the sole and separate use of said Mary Going, her marriage notwithstanding, and the same in no manner to be liable for the debts of said Henry L. Stace, who, by the said intended marriage, is to acquire no marital rights in or to the same; and upon the further trust that the said Henry L. Stace shall permit the said Mary Going to use, occupy, and enjoy said premises, and receive all the income, rents, and profits thereof, as though she were a *feme sole,* for the maintenance of herself and of any children that may be hereafter born to her; and, should she survive the said Henry L. Stace, then, at his death, she shall take said property in fee simple, free from all trusts and incumbrances."

The deed then goes on to provide that, should he survive her, he is to hold the land for the residue of his life, for the use and support of himself and of any children of the marriage, and at his death the land to be divided among the issue of the said Mary Going *per stirpes,* and that, if no children are born of the marriage, then at his death the same to pass to such person or persons as the said Mary shall have appointed by writing in the nature of a will, duly executed as a will, according to the laws of Virginia, at the date of her death. It is also provided that should she leave no issue to survive the said Henry L. Stace, and die in his lifetime, and fail to make such appointment, then the land is to go to him in fee, free from all trusts.

It is also made the duty of the trustee to sell and convey the whole, or any part, of the trust estate at the request of the said Mary Going, her request to be evidenced by her

uniting with him in the conveyance or conveyances. It is provided, however, that the purchaser is not to be required to see to the application of the purchase-money, and that the proceeds of any such sale or sales shall be reinvested in such other real estate as the said Mary Going may direct, to be held upon the same trusts as those above declared.

Shortly after the execution of the deed the marriage was solemnized, after which a child was born of the marriage.

Subsequently Stace and wife encumbered the land by three deeds of trust—the first to secure a debt of $2,500 to Richard Summerson's executor ; the second to secure a debt of $1,016 to David Coiner, and the third to secure a debt to Coiner of $500. Default having been made in the payment of these debts, the trustees in the several deeds advertised the land for sale ; whereupon Stace and wife filed a bill for an injunction, insisting therein that the deeds of trust were unauthorized and void. The trustees answered the bill, and afterwards themselves filed a bill, in which they charged that the moneys secured by the deeds of trust were borrowed by Stace and wife, and expended by them in the improvement of the trust estate, and that upon that ground the secured creditors were entitled in equity to subject the property, even if the deeds of trust were not valid, which, however, they insisted were valid.

The suits were consolidated and heard with the suit of *The Bergner & Engel Brewing Company* v. *Jerram and Others,* which had been previously brought, but which need not be further referred to, as it has no bearing on the question involved in this appeal.

The circuit court, in construing the deed of settlement, held that the wife was entitled to the whole profits of the trust subject during her life ; that to that extent, at least, the several trust deeds were valid and operative ; and accordingly directed the land to be rented for one year, or longer if necessary. From this decree an appeal was allowed by one of the judges of this court.

*Wm. Patrick,* for the appellants.

*J. & J. L. Bumgardner* and *Alexander F. Robertson,* for the appellees.

LEWIS, P., (after stating the case,) delivered the opinion of the court.

The decree is in accord with a long line of decisions of this court, beginning with *Wallace and Wife* v. *Dold's Ex'ors,* 3 Leigh 258. The single question is as to the validity and effect of the three deeds of trust, and that depends upon the true construction of the deed of settlement.

The appellants contend that there is a difference between the case of a will, where the intention of the testator only is to be considered, and a case, like the present, of an ante-nuptial contract, which gives to several classes of persons—viz., the husband, wife, and children—certain contract rights, founded upon the consideration of marriage, which must be respected and enforced. The argument is that here the father contracts for the support of his wife and children; that the mother contracts for the support and maintenance of herself and children and of her husband and children after her death; and that the children have a vested right to the support and maintenance provided for them. There is, however, no material difference in principle, in the rules of interpretation, between wills and contracts, except what naturally arises from the different circumstances of the parties. No technical language is necessary to create a trust either by deed or will, and in both classes of cases the object of the judicial expositor is the same—namely, to discover *the intention,* which is to be gathered in every case from the general purpose and scope of the instrument, in the light of the surrounding circumstances. 1 Perry, Trusts, §§ 117, 119; *Colton* v. *Colton,*

127 U. S. 300 ; *Leake* v. *Benson*, 29 Gratt. 153 ; *Bank of Greensboro'* v. *Chambers*, 30 Id. 202, 210.

The validity of the deeds of trusts is denied by the appellants, on the ground that under the deed of settlement a trust is created for the benefit of any child or children that may be born of the marriage, as well in the profits as in the *corpus* of the trust estate. The case, they contend, is ruled by the decision in *Nickell* v. *Handly*, 10 Gratt. 336, in which case there was a devise to a trustee of land and other property for the benefit of Mrs. Handly, a married woman, for life, with remainder, at her death, to her children ; and the trustee was directed to manage the property in such a way as to be most advantageous to the interest and support of Mrs. Handly and her children. She had five children, and after her husband's death certain judgments were recovered against her, whereupon a bill was filed to subject her interest in the trust estate to the satisfaction of the judgments. But this court, distinguishing the case from *Wallace and Wife* v. *Dold's Ex'ors*, held that her interest was not liable to be thus subjected, on the ground that the testator obviously intended, not that she should take an interest in the property subject to her own disposal, or which could be separated from the interests of her children, without impairing their rights, but that the property should be kept together for the joint benefit of herself and children during her life, and that in no event could anything more than her ratable portion of the surplus of the profits, after providing for the support of the family, be subjected by the plaintiffs.

That case merely illustrates the rule, already mentioned, namely, that in every case, no matter whether arising under a deed or will, the intention must prevail, if not inconsistent with any rule of law ; and, accordingly, it was held in that case that the mother and her children took joint interests in the profits.

The question, therefore, now to be determined is, What is the meaning of the instrument in question? For we are not to be governed by adjudged cases any further than those cases furnish a rule of interpretation for such instruments.

That the mention of the children in the deed was not intended to confer a present interest in the profits, but merely indicates the motive for Mrs. Stace's retaining an exclusive interest therein, is, we think, clear. The chief object of the deed evidently was to exclude the marital rights of the husband. The property, moreover, belonged to the intended wife absolutely, and she could therefore do with it as she pleased. The deed accordingly recites that it had been agreed that, notwithstanding the marriage, she was to hold, enjoy, and possess the property, and take the profits, free from the claims of her husband.

Nor is there anything in the declaration of the trusts that restricts her right to the whole profits during her life. On the contrary, the language of the deed, fairly construed, supports the view that no such restriction was intended. Thus, it is again declared that the intended husband is to acquire no marital rights in the property, and that, as trustee, he is to permit the wife, after the marriage, to use, occupy, and enjoy it, and to take the profits, as though she were a *feme sole.* It is true the words were added, " for the maintenance of herself and of any children that may be hereafter born to her." But immediately following is the declaration, that should she survive her husband, then, at his death, she is to take the property *free from all trusts and incumbrances.* Suppose, then, the husband had died the day the child was born. Could it have been contended, in that case, that the latter took an interest of any sort? Surely not. It is, moreover, made the duty of the trustee to sell the property, in whole or in parcels, whenever *she* may request it; nor is he authorized to convey it, or any part of it, except by *her*

*uniting* with him; and the proceeds of any such sale or sales are to be reinvested in such other real estate as *she* may direct, to be held upon the same trusts; all of which shows, in the light of the context and surrounding circumstances, not only that the primary object of the settlement was to exclude the marital rights of the husband, but that it was not intended to vest in the children a joint interest with the mother.

A brief reference to the analogous cases in this court will suffice to confirm the correctness of this interpretation.

In *Wallace and Wife* v. *Dold's Ex'ors* certain property was bequeathed to trustees, who were directed to apply the profits to the maintenance and support of the testator's daughter and *her child*, and at her death the property to be given to her child, or children, if she should have more than one. This court, upon a construction of the clause of the will in question, compared with the context and general scheme of the will, rejected the theory of a trust for the benefit of the child, and held that the daughter was entitled to the whole profits.

It is obvious that that case was a much stronger one for holding that the child took a present interest in the profits than is the case at bar. There the management of the property, and the duty of applying the profits, were confided to the trustees, whilst here the possession and virtual control of the property, with the right to take the profits, is reserved by the wife.

The case of *Stinson* v. *Day*, 1 Rob. Rep. 459, is another strong case of the same class. In that case there was a devise of land to the testator's married daughter, and the executor was directed to so manage it as that the daughter and *her children* should have the profits; yet it was held that the daughter was entitled to the whole profits during her life.

In *Penn* v. *Whitehead*, 17 Gratt. 503, the use was declared in these words : " To the separate use and benefit of the said

Maria P. Whitehead for and during her natural life, and to remain in her possession, for the support and maintenance of the said Maria P. and *her issue and family*, and for no other purpose whatever." In *Rhett* v. *Mason*, 18 Gratt. 541, the language was : " For her [the widow's] maintenance and support, and for the maintenance and support of our *children*, during her life and widowhood." In *Leake* v. *Benson*, 29 Gratt. 153, it was : " In trust for the benefit of my wife and *children*, giving for my wife an estate for life, and at her death for my children an estate in fee simple." In *Bain & Bro.* v. *Buff's Adm'r*, 76 Va. 371, it was : " For the sole and separate use of herself and *child or children*." In *Atkinson* v. *McCormick*, 76 Va. 791, it was : " For Anna Mariah Bowly and *her issue*, free from the control, debts, and liabilities of her husband." In *Mauzy* v. *Mauzy*, 79 Va. 537, it was : " For the sole and separate use and benefit of Maggie J. Mauzy and *her children*." In *Waller* v. *Catlett*, 83 Va. 200, it was : " For the sole and separate use and benefit of Nannie Waller and *her children*." In *Seibel* v. *Rapp*, 85 Va. 28, it was : " For her support and *sustenance of her children*." And in all these cases it was held that the mention of the children merely indicated the motive for the gift or conveyance, without vesting in them a present interest.

It is, moreover, well settled in Virginia, as conceded in the argument, that the *jus disponendi* is incident to the equitable separate estate of a married woman, and that she may encumber the estate, either for her own or another's debts, unless the power to do so is clearly restrained, expressly or impliedly, by the instrument creating the estate. The decisions of this court on the subject are numerous and familiar; and, as there is no such restriction in the instrument in question, it follows that the appellants' contention, that the deeds of trust in the proceedings mentioned are void, cannot be maintained.

Only one other point need be mentioned. It is stated in

the brief of appellants' counsel that since the decree was rendered Mrs. Stace has died.  The fact, however, does not appear from the record; nor can we decide in advance any question that may hereafter arise, when the case goes back to the lower court, that is not now presented by the record.  We therefore express no opinion as to whether, at the wife's death, the husband, if living, becomes entitled to the whole profits during his life, or takes only a joint interest therein with the child, or children, if there be more than one; in other words, whether that clause in the deed of settlement which provides that in case the husband survive the wife "he shall hold the land for the residue of his life, for the use and support of himself and of any children he may have by the said Mary Going," is to be interpreted by the same rule that we have just applied in regard to the wife's interest.

The decree is interlocutory, and directs the land to be rented, but does not in terms direct a renting for a longer period than the life of Mrs. Stace.  Its affirmance, therefore, will not preclude the circuit court from dealing with the case, after it shall have been remanded to that court, as the law and any change in the relations of the parties may require.

DECREE AFFIRMED.