**𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.**

WALKE & WIFE V. MOORE & OTHERS.

MARCH 31, 1898.

Absent, Cardwell, J.

1. CONVEYANCE TO A TRUSTEE FOR WOMAN AND HER CHILDREN—*Fee in Wife—Motive for Gift.*—A deed which conveys to a trustee real and personal property for the sole and separate use of a married woman and her children, with power to the trustee, upon the written request of the woman, to sell any or all of the property, and re-invest the proceeds, and reserving to the married woman the right to dispose of all the property "by instrument of writing in the nature of a last will and testament," vests in the married woman an equitable estate in fee in the real estate, and an absolute estate in the personal property. The mention of the children merely expresses the motive for the gift to the mother.

2. SETTLEMENT ON WIFE AND CHILDREN—*Power to Wife to Direct Sale and Re-Investment—Effect of Wife Uniting With Trustee in Deed of Conveyance.*—Under the powers conferred by a deed to a trustee for the sole and separate use of married woman and her children, with power to the trustee at any time when he shall be so requested in writing by the married woman (deeming it for the benefit of her and her children) to sell and re-invest the proceeds, a deed from the trustee to a purchaser of the land in which the married woman unites is a sufficient compliance with the provisions of the settlement which requires the trustee to convey on the request in writing of the married woman, and the necessary inference from the conveyance itself is that the trustee deemed the sale to be for the benefit of the married woman and her children.

3. POWERS—*Execution of—Intent—How Shown—Case in Judgment.*—The execution of a power is a matter of intention, but the intention need not be expressed in the conveyance, or other instrument made in execution of the power. It is sufficient if it appears by words, acts, or deeds showing the intention. The intention is demonstrated where there has been some reference in the will, or other instrument, to the power; or a reference to the property which is the subject on which it is to be executed; or, where the provision

in the will or other instrument executed by the donee of the power would be otherwise ineffectual, or a mere nullity—in other words would have no operation except as an execution of the power. The case in judgment comes within both of the last two classifications.

4. POWERS—*Donee of Power Also Owning Interest in Property—Conveyance of the Property—Presumption as to Intent of Grantor—Subsequent Acts and Conduct of Donee of Power.*—Where a person who has a power of disposition over property and also owns an interest in it, executes an instrument by which he disposes of the property without expressly referring to the power, the instrument will be deemed to have been intended as a disposition of his interest, and not as an exercise of the power, if the transfer of his interest will satisfy the terms of the instrument; but if he has no interest in the property, or though he has an interest in it, yet if the instrument conveys a larger interest than he owns, then, inasmuch as the instrument would not take effect at all in the one case unless referred to the power, and would not be satisfied in the other by the transfer of his mere interest, it will be construed to be an execution of the power for the reason that it is necessary to satisfy the terms of the instrument, and the apparent intention of the party. It is only where the words of the instrument may be satisfied without an intention to execute the power that it is not to be deemed an execution thereof. The subsequent acts and conduct of the donee of the power may also be looked to, for the purpose of showing that the donee regarded the instrument as an execution of the power conferred.

5. TRUSTS AND TRUSTEES—*Trustee Also Part Owner of Trust Subject—Effect of Failure to Describe Grantor as Trustee—When Presumed to Have Conveyed as Trustee.*—The fact that the grantor in a deed, who has a personal interest in the property conveyed and also holds an interest as trustee, is not described as trustee can have but little weight, when it appears that the *cestui que trust* also signed the deed, and that the deed could not have full effect according to the apparent intention of the parties, unless deemed to be an execution of the power conferred by the deed in which he was trustee. The deed, in such case, will be deemed to have been made in the capacity in which he had the power to make it, and in which effect can be given to it according to its purport.

Appeal from a decree of the Corporation Court of the city of Manchester, pronounced November 2, 1895, in a suit in chancery wherein appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

In 1863 John M. Baughan conveyed an undivided half interest in a lot of seventeen acres of land to Alexander Alvis (who owned the other half) in trust for the benefit of the wife and children of said Baughan, with power and direction to the trustee to sell and reinvest on the written request of the wife, and reserving to the wife "the right to dispose of all of the said property, both real and personal, by instrument of writing in the nature of a last will and testament." The terms of the trust are fully set out in the opinion of *Riely, J.* On September 19, 1865, Alvis and wife and Baughan and wife conveyed the land to Eugene O'Connor and Thomas Moore. The following is a copy of the deed:

"This deed made this 19th day of September, in the year one thousand eight hundred and sixty-five, between Alexander Alvis and Sarah E. Alvis, his wife, and John M. Baughan and Mary V. Baughan, his wife, of the county of Chesterfield, parties of the first part, and Eugene O'Connor and Thomas Moore, of the second part, witnesseth, that in consideration of the sum of five hundred and ten dollars, the said parties of the first part do grant with general warranty unto the said parties of the second part all that certain tract, piece or parcel of land lying near the town of Manchester, containing seventeen acres, more or less, the said land lies in a triangular form, commencing at a point near where the Richmond and Petersburg Railroad crosses the River road, running thence on the western side of the railroad to the lands of the Spring Hill Cotton Factory Company; thence westwardly along the lands of the said company; thence with the lands of Thomas Hardgroves to the point of beginning, it being the same tract, piece or parcel of land which was conveyed to the said Alex. Alvis and John M. Baughan by Christopher C. McRae and Albert C. Pulliam by deed of record in the clerk's office of Chesterfield County Court. The said Alex. Alvis, for himself and his wife, and the said John M. Baughan, for himself and his wife, covenant that they have the right to convey the said land to the grantees; that they have

done no act to encumber the same; that the grantee shall have quiet posssession of the same free from all encumbrances, and that they the said parties of the first part will execute further assurances as may be requisite.

"Witness the following signatures and seals:

| | |
|---|---|
| ALEXANDER ALVIS, | (Seal.) |
| JOHN M. BAUGHAN, | (Seal.) |
| SARAH E. ALVIS, | (Seal.) |
| MARY V. BAUGHAN, | (Seal.)" |

The grantees conveyed different portions of this land to other parties.

This was a suit in chancery brought by the children of John M. Baughan and wife (both of whom had died) against the present owners of the land. The chief object of the suit was to have declared void the above deed to O'Connor and Moore so far as it undertook to convey the undivided half interest settled on Mrs. Baughan, and all subsequent conveyances of that interest, and to have partition of the land amongst those entitled, and accounts of rents and profits, and permanent improvements. The bill was dismissed on demurrer.

*Willis B. Smith* and *Thos. M. Miller*, for the appellants.

*W. I. Clopton, Christian & Christian* and *S. L. Kelley*, for the appellees.

RIELY, J. delivered the opinion of the court.

John M. Baughan, who owned jointly and equally with Alexander Alvis, the land in controversy, conveyed by deed his moiety thereof, together with certain slaves and other personal property, to the said Alvis upon trust "to hold all of the said property, real and personal  *  *  *  *  for the sole and ex-

clusive use and benefit of Virginia Baughan (the wife of the grantor) and her children, with power to the said Alvis at any time when he shall be so requested by the said Virginia in writing, deeming it for the benefit of the said Virginia and her children, to sell all or any part of the above conveyed property, real and personal, on such terms as he may deem judicious and re-invest the proceeds of sale in any other property selected by her or deemed more profitable to her and her children by him, the said Alvis, reserving to the said Virginia Baughan the right to dispose of all of the said property, both real and personal, by instrument of writing in the nature of a last will and testament."

The first question to be considered is whether the children of Virginia Baughan took under the trust a joint estate with her in the land, or whether she took an equitable estate in fee to the exclusion of the children. Its determination is not wholly free from doubt or difficulty, but it is not perceived how the case can be reasonably distinguished from that class of cases headed by *Wallace* v. *Dold*, 3 Leigh 278, and followed by *Stinson* v. *Day*, 1 Rob. 435; *Penn.* v. *Whitehead*, 17 Gratt. 503; *Leake* v. *Benson*, 29 Gratt. 153; *Bain & Bro.* v. *Buff*, 76 Va. 371; *Mauzy* v. *Mauzy*, 79 Va. 537; *Waller* v. *Catlett*, 83 Va. 200; *Stace* v. *Bumgardner*, 89 Va. 418; and *Nye* v. *Lovitt*, 92 Va. 710.

Indeed, this case is stronger in favor of an absolute estate in the personal property and an equitable estate in fee in the wife than any of the cases cited above. Here the exercise of the power of sale vested in the trustee was not only restricted to a request by the wife, but the power was reserved to her to dispose of all the property by will. The objects of her bounty were not limited to her children, but she could give the property to any one whom she pleased, even to a stranger, to the entire exclusion of all her children. This power was wholly inconsistent with the idea that it was intended that the children should take an estate under the deed. If the grantor had given

to the children a joint estate with their mother in the property, he would not have conferred on her the futile power to give it away to other persons.

If, in the cases cited above, the words, "for the sole and separate use of herself and her children," "for the sole and separate use and benefit of herself and her children," and similar words, merely indicated the motive for the gift to the mother, and vested no interest in the children, the words, "for the sole and exclusive benefit of the said Virginia Baughan and her children" in the deed under consideration, should receive the same construction, especially in view of the powers vested in the wife.

We are of opinion that Virginia Baughan took an exclusive estate in fee in the moiety of the land conveyed by John M. Baughan to Alexander Alvis in trust for the use and benefit of the said Virginia and her children; and she and her husband having duly conveyed the same to Eugene O'Connor and Thomas Moore, the complainants have no interest in it, and are without any right to maintain this suit.

It was argued in behalf of the appellees that even if this were not so, and Virginia Baughan and her children took a joint estate in the property, nevertheless, the complainants could not recover the land or any interest in it, whether the estate thus vested jointly in her and them was of that nature that it was inalienable by them separately, according to the principles laid down in *Nickell & Miller* v. *Handly*, 10 Gratt. 336, or she took with them an undivided interest that was alienable by her separate deed, for the reason that the deed to O'Connor and Moore was a valid execution of the powers conferred upon her and the trustee by the deed of settlement.

It is very clear that the execution of the deed by her was a substantial compliance with the provision of the trust making a request from her in writing a pre-requisite to a sale of the property by the trustee (2 Perry on Trusts, sec. 784; *Montefiore* v. *Brown*, 7 H. L. Cas. 241; and *Walton* v. *Palmer*, 39 Cal. 456); and the necessary inference from his conveyance of the land is

that he *deemed* the sale to be for the benefit of her and her children. The provisions of the trust in this respect were, therefore complied with in making the conveyance.

The deed, however, makes no reference to the power of sale conferred on Virginia Baughan and Alexander Alvis, and does not purport to have been made by him as trustee. It was, therefore, contended in behalf of the complainants that the deed was not intended to be in execution of the powers vested in Virginia Baughan and Alexander Alvis, but was simply a conveyance by Alvis and wife of his moiety of the land, and an ineffectual attempt by Baughan and wife to convey the other moiety owned by him before he conveyed it in trust to Alvis.

It is very true that the execution of a power is a matter of intention. It is not necessary, however, that the intention be expressed in the conveyance or other instrument. There need be no express reference to the power to indicate that the instrument is made in execution thereof. "If the donee of the power intends to execute," said Judge Story in *Blagge* v. *Miles*, 1 Story 446, "and the mode be, in other respects, unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative. I agree, that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power. All the authorities agree, that it is not necessary, that the intention to execute the power should appear by express terms, or recitals in the instrument. It is sufficient that it shall appear by words, acts, or deeds demonstrating the intention." See also *Funk* v. *Eggleston*, 92 Ill. 515.

In the above cited case, Judge Story, upon a review of the English decision, said: "Three classes of cases have been held to be sufficient demonstrations of an intended execution of a power; (1) Where there has been some reference in the will, or

other instrument, to the power; (2) Or a reference to the property, which is the subject, on which it is to be executed; (3) Or, where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power." And he intimated that there might be other cases embraced in the rule besides these three classes.

The case under consideration comes within both the second and third divisions of this classification. The land, which was the subject of the power, was particularly described in the deed to O'Connor and Moore. The *subject* of the power was thus directly referred to. The land was conveyed in fee. The intention to convey the entire interest in it was plainly manifested on the face of the conveyance. Besides, the statute (Code, sec. 2420) prescribes that a deed shall be construed to pass the whole estate or interest, which the grantor had power to dispose of, unless a contrary intention appear by the conveyance, which is not the case here. If the deed of settlement, as is contended by the appellants, operated to vest a joint estate in the children along with their mother, then the deed to O'Connor and Moore was ineffectual to pass the estate intended to be conveyed, unless it be construed to have been made in execution of the powers conferred by the trust.

It was earnestly objected by the counsel for the appellants that, while it might be true that where a deed would have no effect, unless deemed to be an execution of the powers, it would be construed to be a good execution thereof, yet that the rule would be otherwise where the conveyance would have *some* effect, though not the full effect which its terms imported. We confess that we were much impressed with this view during the argument. On looking into the authorities, however, we not only do not find any warrant for this distinction, but that the authorities are quite the reverse.

Mr. Chance, in his Treatise on Powers, says: "There are, indeed, in the cases *dicta* apparently to this effect, that if the in-

strument refer not to the power and can have some effect by means of the interest of the party, though not all the effect which the words seem to import, still the instrument shall not operate as an execution of the power, the intention being thus contravened. It appears quite clear, however, at this day, and a reference to the authorities will, it is apprehended, show, that it has been considered clear for nearly two centuries, that the rule is not thus confined; indeed, it may well be asked why, admitting that the intention can be discovered to pass all, the intention should not prevail in the one case as well as in the other? What rule of law or construction would be thereby violated?"

And Sir Edward Sugden said: "And, notwithstanding Sir Edward Clere's case, an intent apparent on the face of the instrument to dispose of all the estate would be deemed a sufficient reference to the power to make the instrument operate as an execution of it, inasmuch as the words of the instrument could not be otherwise satisfied. And to the same effect are the following cases: *Hood* v. *Haden,* 82 Va. 594; *Owen* v. *Ellis,* 64 Mo. 77; *Bishop* v. *Remple,* 11 Ohio St. R. 282; *Bradish* v. *Johnson,* 3 Johns. Ch. 551; *Terry* v. *Rodahan,* 79 Ga. 278; *Funk* v. *Eggleston,* 92 Ill. 515; *Yates* v. *Clark,* 56 Miss. 212; *Baird* v. *Boucher,* 60 Miss. 326; *Gingrat* v. *Gas Light Co.,* 82 Ala. 596; *Drusadow* v. *Wilde,* 63 Pa. St. 172; *Farlow* v. *Farlow,* 83 Md. 118; and *Hall* v. *Preble,* 68 Me. 100.

The foregoing statements of the law by those learned English authors are quoted with approval by the Supreme Court of the United States in *Warner* v. *Conn. Mut. Life Ins. Co.,* 109 U. S. 357. In that case a husband and wife joined in a mortgage of the wife's real estate to secure a debt of the husband. The wife died before the maturity of the debt. By her will she devised all her estate to her husband in trust to enjoy the income during his life, with remainder to her children at his death. The will provided that her husband might encumber the property by way of mortgage or trust deed, and might renew the same for the purpose of raising money to pay off existing encumbrances

on the property, and that any such deed or mortgage should be as valid as though he held an absolute estate in the property. The husband, on the maturity of the debt, extended the mortgage by an instrument which in no way referred to the will or to the power which the will conferred. The court held that the husband, although he did not refer to the power, must be taken to have intended to execute it, upon the ground that the instrument purported to renew or extend the mortgage upon the entire estate and not merely upon his life estate, which could not be its effect except by virtue of the powers contained in the will of Mary Beers. "Cyrenius Beers," said Mr. Justice Matthews, "as debtor had no power to continue the mortgage in force, nor as tenant for life to renew it as a mortgage in fee. This is a demonstration, therefore, that the instrument must be treated as an execution of those powers, because, if it cannot otherwise operate according to the intention of the parties, it must be referred to the power which alone can make it effectual in all its provisions."

In *Bishop* v. *Remple*, 11 Ohio St. 282, the court said: "We think no instance can be found where the property, which is the subject of the power, is distinctly described and referred to, and the disposition made of the property would fail, unless considered as made under the power, and there is no other objection to the mode of the disposition, except the want of express reference to the power, that the execution of the power has been held to be invalid.

This is especially the case where the conveyance is made for a valuable consideration. Where a person conveys land for a valuable consideration, he must be held as engaging with the grantee to make the deed as effectual as he has the power to make it. *Hall* v. *Preble*, 68 Me. 100; *Owen* v. *Ellis*, 64 Mo. 77; *South* v. *South*, 91 Ind. 221; and *Terry* v. *Rodahan*, 69 Ga. 278.

The principle to be deduced from the adjudged cases is that where a person, who has a power of disposition over property,

and also owns an interest in it, executes an instrument by which
he disposes of the property without expressly referring to the
power, the instrument will be deemed to have been intended as
a disposition of his interest and not as an exercise of the power,
if the transfer of his interest will satisfy the terms of the instru-
ment; but, if he has no interest in the property, or though he
has an interest in it, yet if the instrument conveys a larger in-
terest than he owns, then, inasmuch as the instrument would not
take effect at all in the one case unless referred to the power,
and would not be satisfied in the other by the transfer of his
mere interest, it will be construed to be an execution of the
power, for the reason that this is necessary to satisfy the terms
of the instrument and the apparent intention of the party. It
is only where the words of the instrument may be satisfied with-
out supposing an intention to execute the power that it is not
to be deemed an execution thereof.

Our conclusion is that the deed to O'Connor and Moore would
be a good execution of the powers conferred under the trust, if
Virginia Baughan did not take the fee in the land. The deed
particularly describes the land, and thus directly refers to the
subject of the power. Its terms import the conveyance of the
fee in the whole land. Alvis owned only a moiety, and, if
Virginia Baughan took only a joint estate along with her chil-
dren in the other moiety, the deed to O'Connor and Moore
would not pass to them the fee in the whole land. Its terms
would not, therefore, be satisfied by the conveyance simply of
the interest of the grantors. This could only be done by con-
struing the deed as an execution of the power, and it must,
therefore, be presumed that this was the intention of the
grantors.

There is much in the acts and conduct of the parties outside
of the deed that confirms this construction. Mrs. Baughan, in
her lifetime, and she lived upwards of sixteen years after the
execution of the deed, never undertook to make any other dis-
position of this particular land; and though by her will she made

specific devises of other lands, she made no reference to it, although she expressly referred to the power conferred 'on her by the deed of settlement.   Nor did Alexander Alvis, the trustee, whom she made the executor of her will and directed to sell all the rest and residue of her estate, real and personal, undertake to sell or interfere with the land in controversy.   The inference is that they supposed that they had disposed of it by the deed to O'Connor and Moore.

The further objection was made to considering the deed to be an execution of the power, that it does not purport to have been made by Alvis as trustee, and moreover refers for a description of the land—not to the deed of settlement—but to the deed by which it was conveyed to Alexander Alvis and John M. Baughan, thus indicating that the parties had forgotten the deed of settlement.

The deed was made scarcely two years after the settlement, and could hardly have been so soon forgotten.   Besides, parties are presumed to know their titles.   *Funk* v. *Eggleston, supra.* And the circumstance that he was not styled trustee is of little weight, since the deed could not have full effect according to the apparent intention of the parties, unless deemed to be an execution of the power.   It will be deemed in such case to have been made in the capacity in which he had the power to make it, and to give it effect according to its purport.   *Terry* v. *Rodahan,* 79 Ga. 278; *Doe* v. *Sturges,* 7 Taunt. 217; and *Allison* v. *Kurtz,* 2 Watts, 185.

So that in either view that may be taken of the case, whether the deed of settlement vested in Virginia Baughan an equitable estate in fee in the land, or only a joint estate with her children, in which latter case the deed to O'Connor and Moore must be construed to have been made in execution of the powers conferred by the trust, the complainants are barred of any right of recovery, and the decree of the Corporation Court, dismissing the bill, must be affirmed.

*Affirmed.*