## Richmond.

### TYACK v. BERKELEY AND OTHERS.

#### March 13, 1902.

1. GIFT TO MOTHER AND CHILDREN—*Motive for Gift.*—The gift in this case to a trustee for the use and benefit of a married woman and her children, or for the support of herself and her children, vested the equitable fee in the wife alone. The mention of the children was but the expression of the motive for the gift.

Appeal from a decree of the Corporation Court of the city of Danville, pronounced September 15, 1900, in a suit in chancery, wherein the appellee, Berkeley and others, were the complainants, and the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*Peatross & Harris,* for the appellant.

*Berkeley & Harrison,* for the appellees.

KEITH, P., delivered the opinion of the court.

We are called upon in this case to construe the language of two deeds, one dated the 25th of November, 1865, and the other the 28th of the same month and year, and both of them acknowledged and admitted to record a short time thereafter. The Corporation Court was of the opinion that, by the terms of these deeds, Susanna M. Hickson, the wife of R. L. Hickson, took an estate in fee simple which passed by her deed dated October 25, 1889, in which her husband, and such of her children as were then of age, united, to Berkeley & Harrison, trustees, to secure

a debt due from her husband to the Bradley Fertilizing Company of about $8,000.

Appellants contend on behalf of certain children of Mrs. Hickson, who were infants at the time she made this deed, that the decree of the Corporation Court is erroneous, and that the deeds dated in November, 1865, did not vest in their mother, an estate in fee simple, but conveyed to her and her children a joint estate.

The deed of November, 1865, recites that Edward D. Withers and Louisa P., his wife, of the first part, and Joseph L. Tyack, trustee for Susanna M. Hickson, of the second part, "witnesseth, that in consideration of the sum of $6,000, paid . . . . , that the parties of the first part do grant and convey to Joseph L. Tyack, trustee for Susanna M. Hickson, of the second part, all that lot, tract, or parcel of land in the county of Pittsylvania . . . ." Then follows a description by metes and bounds of the land, which concludes with a period. "To have and to hold the said lot, tract, or parcel of land unto the said trustee upon the trust that he, the said trustee, shall permit the said Susanna M. Hickson to occupy, possess, and enjoy the said land, and the rents, profits and issues thereof, to take for herself and children, which she now hath or may have by her present husband, clear of and free from all manner of charge or encumbrance of her said husband."

By the deed of November 28, 1865, Thomas D. Stokes, executor of Nathaniel T. Green, in consideration of $1,000, in hand paid, conveyed to Joseph L. Tyack, trustee for Susanna M. Hickson, all that lot, tract, or parcel of land in the county of Pittsylvania, which is described by metes and bounds, the description being, as in the former deed, followed by a period. "In trust to have and to hold the said land to and for the use and benefit of the said Susanna M. Hickson and her children by her present husband, and that the said trustee shall permit the said Susanna M. Hickson to occupy the land, and to use and

enjoy and possess the rents, issues and profits for the support and maintenance of herself and family, free from all manner of charge or liabilities of herself or her husband."

In *Wallace* v. *Dold*, 3 Leigh, 258, the testator bequeathed certain property to trustees to be applied to the maintenance and support of his daughter M. and her child; and at the death of his daughter he directs "the slaves and money to be given to her child or children if she shall have more than one; the above advances to be made to his daughter M. independently of any claim testator might have against her husband."

A similar bequest had been made to trustees for the support and maintenance of his son William, and his daughter Elizabeth, and for the education of their children. The residue of the testator's estate was divided into six equal parts, one-sixth of which he gives to his son Jessee, and two other sixths to his daughters, Catherine and Nancy, and the will then provides: "The other sixth parts I direct my trustees above mentioned to receive and apply one-sixth part to the use and benefit of my daughter Elizabeth, one-sixth part to the use and benefit of my daughter Martha, and the other sixth part to the use of my son William. These parts are severally to be used for the benefit of my said children during their lives, and at their death to be divided as their several money legacies are directed to be divided."

The controversy in that case arose over the bequest to his daughter Martha, it being contended upon the one hand that her children shared jointly with her the bequest to the trustees for the maintenance of herself and child; while, on the other hand, it was maintained that the child was mentioned merely as the motive for the gift. It was held that the testator's daughter was entitled to the whole profits during her life, and that the child had no right to demand a share of them for her support and maintenance.

In *Stinson* v. *Day*, 1 Rob. 435, the testator directed that his

executor should manage the land, the rents and profits to go to
A. R. and her children, and should not be sold by them or any
of them until her youngest child became twenty-one years of
age, and not then without the consent of his daughter, A. R., if
then living. At the date of the will, A. R. had eight children,
all of whom except two were living with her. The annual value
of the land devised was about $175. It was held that A. R.
was entitled to receive the whole rents and profits of the land
devised, during her life, and her children could maintain no
suit to recover any portion of the same.

In *Leake* v. *Benson*, 29 Gratt. 153, Anderson conveyed cer-
tain real estate to a trustee "for the benefit of my wife and chil-
dren, giving, granting and conveying for my wife an estate in
fee simple." The controversy was as to whether or not the life
estate vested in the wife alone, or in the wife jointly with her
children, and the court held that the children took no interest
in the life estate.

In *Bain* v. *Buff*, 76 Va. 371, the testator directed that:
"After settling my estate and assigning my wife's dower, to in-
vest all surplus money in safe six *per cent.* interest-bearing
stocks, making semi-annual payments, in trust for the separate
maintenance of my daughter and her child or children, which,
with the interest from investments now made by me, the rents
of my houses and hires of my negroes, are to be all appropriated
and paid over to her for her sole use and benefit; and the re-
versionary interest held by my wife during her life, is at her
death to be vested and applied as in the manner and mode above
directed, for my said daughter, her child or children; but upon
this further provision and trust, that the dividends, interest,
rents, hires, issues and profits of my estate aforesaid, when re-
ceived by my executor, are to be paid over to my said daughter,
for her sole and separate use of herself and her child, or children,
if she shall hereafter have more than one, so that the same shall
in no way whatever be subject to or liable for the debts or con-

tracts of her husband, and to continue for and during the term of her natural life, and at her death my said estate is to be vested in fee in her child or children, during whose minority the income of my said estate, after the mother's death, is to be applied to their maintenance and education."

The court, citing the authorities which we have considered and the case of *Penn* v. *Whitehead*, 17 Gratt. 503, was of opinion that the words "for the sole and separate use of herself and child or children" did not give any estate to the child or children, but indicated the motive for the gift to the mother.

In *Stace* v. *Bumgardner, Trustee*, 89 Va. 418, there was a conveyance in contemplation of marriage to a *feme sole* of certain land, the rents and profits of which the wife was to receive "as though she were a *feme sole* for the maintenance and support of herself and any children that might thereafter be born to her."

The court reviewed a great number of authorities, beginning with *Wallace* v. *Dold*, 3 Leigh, 258, and coming down to *Siebel* v. *Rapp*, 85 Va. 28, and came to the conclusion that the wife was entitled to the whole profits of the trust subject during her life, and the "mention of the children was to indicate the motive of the settlement, and not to vest any present interest in them."

For more than seventy years *Wallace* v. *Dold* has been the law of this State. It has been the subject of dissent and criticism, but has been followed during all that period by an unbroken line of decisions. It constitutes a rule of property, and it is manifest that it is too firmly imbedded in our jurisprudence to be disturbed otherwise than by an act of the Legislature.

It is not often that two wills or two contracts are identical in their terms. There is always more or less diversity in the circumstances which surround the parties to contracts and to wills, and the environment in some degree influences their construction. It is, therefore, oftentimes difficult to apply a rule of interpretation so as not to do violence to the primary object,

which is to ascertain the true intent and meaning of the instrument to be construed.

To hold that language such as is employed in the cases cited, and that under consideration, vests the right in the wife to the exclusion of the children may sometimes fail to give effect to the intention of the settlor, and may place it in the power of the mother to deprive her offspring of the provision made for their support and devote it to the relief of other and more pressing needs; but, on the other hand, to hold that the children have a joint estate with the mother, would be, in many instances, equally destructive. Where the property is small, its division would render it inadequate to support, maintain and educate a large family, but if the children take jointly with the mother, how can such child be denied the right to have its share set apart as he or she attains majority or marries, or in any way become forisfamiliated?

There is a class of cases in which this result has been achieved, and the property preserved for the *joint* support of all the members of a family. *Nickell* v. *Handly*, 10 Gratt. 336, is a notable instance. In that case there was a devise to trustees of property to be managed by them as may be "most advantageous to the interest and support of H. and her children." H. contracted debts and was discharged as an insolvent debtor, and her creditors filed a bill to subject her interest in the property to the debts. The court held:

"1. H. and her children are not entitled to have set apart for each of them an equal share of the trust property or its annual products; but it is to be held by the trustee, and the annual products are to be applied to their support according to the necessities of each.

"2. The creditors would only be entitled to the ratable portion of H. of any surplus of the annual products of the trust subject, after providing for the support of herself and family; and as any such surplus is not alleged or shown to exist, the bill was properly dismissed.

"3. If any surplus product now exists, or shall hereafter exist, plaintiffs may file a bill to subject it, notwithstanding the dismissal of this bill."

In the course of the opinion, Judge Samuels said: "If Mrs. Handly had any interest therein subject to her own disposal, or which could be separated from the interests of others without impairing their rights, such interest might, on familiar principles, be subjected to the payment of her debts. . . . There is nothing in the nature or law of property which would prevent the testatrix, when about to die, from appropriating her property to the support of her poor and helpless relations, according to the different conditions and wants of such relations; nothing to prevent her from charging her property with the expense of food, raiment and shelter for such relations. There is nothing in law or reason, I conceive, which should prevent her from appointing an agent or trustee to administer her bounty. The difference in the conditions of the beneficiaries necessarily requires a difference in the amounts to be expended on each individual; and the casualties of life may render this inequality still greater. It is impossible to foresee the vicissitudes in affairs, and to provide by will in advance for every event; and no practicable mode exists to meet these difficulties but to authorize the appointment of some agent, trustee or other person to exercise the power which the testatrix is prevented by *death* from exercising herself. The leading intent here is to support Henrietta F. Handly and her children, and to promote their interests; and the trustee is directed to carry this intent into execution. The duty of supporting a family, especially on a limited amount of property, necessarily requires unequal expenditures upon different members of the family. An infant of tender years is sustained at less expense than an adult. A child in good health will grow, and in time be able to sustain itself, whereas another, in a sickly condition, or of unsound mind, may require long-continued assistance, and the expendi-

ture of large sums of money; all of which clearly fall within the scope of the duty to support the family. The will obviously intends that the property shall be kept together for the life-time of the daughter. Its products are charged with the un-equal and varying amounts necessary to support the beneficiaries. The products of every part of the property are charged with the whole burden, the amount of which can only be known from time to time, whilst the trust is in the process of execu-tion. It may be, and very probably is, the case that the prop-erty, if kept together and economically managed, would do no more than support the family. If, however, Mrs. Handly, either by direct conveyance or indirectly by operation of law, can withdraw from the trust property one-sixth part thereof, or any other given proportion, then it must be held that another beneficiary may do the same thing; and thus the charge upon the whole property may be thrown upon a fragment of it. By keeping a small amount of property upon a little farm, a family living thereon may be supported; but, if divided, the shares of each would be inadequate to his or her support. If testatrix had intended to give equal benefits to her daughter and each child, nothing was easier than to have said so. Yet she has not said so, but, on the contrary, has conferred benefits which in any event must be unequal and varying from time to time, and which, in certain contingencies likely to occur, may become greatly unequal."

The decision in this case is as much opposed to the idea of a joint interest in the mother and children as is that of *Wallace v. Dold, supra.* The one relies on the trustee to devote the estate to the objects of the trust in varying proportions as his discretion may see fit; the other reposes confidence in the wife and mother, but neither vests in the mother and children a joint estate in the ordinary sense which would carry with it equality of interest and control.

Adopting the language of Judge Burks in *Bain* v. *Buff,*

*supra*, which is equally applicable here: "There is certainly no express limitation on the power of Mrs. Cutherell to dispose of or to encumber the fund arising under the will; but it is earnestly contended that the power is impliedly denied or restrained, because its exercise would or might defeat the purposes of the trust—namely, the support and maintenance of herself and her children, and thus thwart the supposed intention of the testator. This argument assumes the important fact that the children have an estate or interest in the trust subject, cognizable by the courts, and so blended with that of the mother as to make alienation by her impossible without a destruction of the whole trust. Some such cases are found in our reports. See *Markham* v. *Guerrant & Watkins*, 4 Leigh, 300; *Nickell & Miller* v. *Handly and Others*, 10 Gratt. 336; *Coutts* v. *Walker*, 2 Leigh, 268. But we do not regard the present case as belonging to the class mentioned. All the dividends, rents, hires, issues and profits, which constitute the trust fund, are required by the will to be paid over by the trustee to Mrs. Cutherell. The whole interest is vested in her absolutely and solely—not jointly with the children. The words 'for her sole and separate use of herself and her child and children,' etc., do not, we think, give any estate to the 'child or children,' but indicate the *motive* for the gift to the mother."

As Judge Staples wisely observes in *Leake* v. *Benson, supra:* "It was the intention of the grantor to give to his wife the trust property for her life, relying upon her discretion and affection for the children so to dispose of the income as would most conduce to the support and comfort of the family. He very properly thought it best to entrust her with the management and control of the property, rather than to raise unpleasant contentions between her and the children in respect to the proper use and application of the trust estate."

The wit of man has not yet discovered a safer repository than the mother for the rights and interests of children. Under the

stress of some great emergency she may sacrifice the apparent and immediate interest of the child, but even in such a case a full knowledge of the surrounding facts and circumstances might go far to vindicate the propriety and wisdom of her conduct. As a rule, her love and spirit of self-abnegation, where her children are concerned, may be trusted to do what is wisest and best to conserve and promote their interests, and if we are to choose between the peril of defeating the provision for the family by adhering to that line of decisions which vests the entire interest in the mother, and its destruction by subdivisions which would surely follow the vesting of the interest jointly in the mother and children, we must abide by the course of decision which has prevailed in this State for nearly three-quarters of a century.

After a careful review of all the cases, we are of opinion that the deeds which are the subject of this litigation vested in Tyack, trustee, an estate in fee for Susanna M. Hickson, and that the declaration of trust which follows the description of the property did not give to her children a joint interest with her in the rents, issues and profits.

The decree of the Corporation Court must be affirmed.

*Affirmed.*