# Wytheville.

. WRIGHT'S TRUSTEES V. WRIGHT AND OTHERS.

June 15, 1905.

1. CONVEYANCE FOR BENEFIT OF WIFE AND CHILDREN—*Case in Judgment—Construction.*—Upon a conveyance of property to a trustee to hold during the natural life of a married woman "for the joint use, benefit, profit and advantage of herself and her present and future children by" her present husband, with power to the wife to appoint the remainder in fee by her will, and with power to the trustee, during her lifetime, to change the investment upon the consent, in writing, of the wife—the changed investment to be held upon the same trusts—the children are entitled to a joint interest with their mother in the rents and profits of the trust subject during the continuance of the life estate.

2. DEEDS—*Grant of Estate—Subsequent Diminution—Construction.*—An estate or interest clearly granted or given in one part of an instrument will not be diminished or destroyed by words in another part of the instrument unless the terms which diminish or destroy the estate be as clear and as explicit as those by which it was granted or given.

3. WRITINGS—*Construction—Intention.*—In all cases of construction of written instruments the effort is to ascertain and give effect to the intention of the parties, and the whole instrument is to be looked to for such light as it may shed upon the particular language under consideration.

Appeal from a decree of the Hustings Court of the city of Petersburg, in a suit in chancery instituted by *Wright's Trustees* v. *Louisa Wright and others,* the beneficiaries in the trust. Louisa Wright and others appeal from decree construing deed of settlement.

*Affirmed.*

The opinion states the case.

*William B. McIlwaine,* for the appellants.

*Hamilton & Mann,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

By deed bearing date the 12th of October, 1863, duly recorded on the following day, Albert Herzog and wife, in consideration of eight thousand dollars, cash in hand paid, conveyed to Charles Raitz a certain lot of land, situated in the city of Petersburg, described by metes and bounds, *"Upon trust, nevertheless, that the said Charles Raitz shall hold the same during the natural life of Louisa Raitz, wife of Casper Raitz, for the joint use, benefit, profit and advantage of herself and her present and future children by said Casper Raitz."*

After the execution of this deed, those claiming as beneficiaries under it discarded the German name *Raitz* for its English equivalent, *Wright,* by which last mentioned name all the members of the family have been known for many years, and by that name will be spoken of in this opinion.

Charles Wright, the trustee in said deed, having departed this life, Bernard Mann and Richard D. Gilliam were, by an order of the Hustings Court of the city of Petersburg, entered October 30, 1900, appointed trustees in his place and stead; whereupon these substituted trustees filed the bill in this cause for the purpose of having a judicial construction of the trust created by the said deed.

It was the contention of one of the substituted trustees and of Louisa Wright and four of her children in the court below, that Louisa Wright took an exclusive equitable estate for life in the lot of land in question, and was, therefore, entitled to all

the rents and profits therefrom, while the co-trustee and the two remaining children of Louisa Wright contended that all the children were entitled to share with their mother the rents and profits during the continuance of the life estate, and the lower court decreed in accordance with this latter contention, from which decree Louisa Wright and four of her children obtained this appeal.

The learned counsel for appellants concedes that if the words, "upon trust, nevertheless, that the said Charles Raitz shall hold the same during the natural life of Louisa Raitz, wife of Casper Raitz, for the joint use, benefit, profit and advantage of herself and her present and future children by said Casper Raitz," stood alone, the mother and the children would assuredly have taken a *joint* estate in the property for the life of the mother, whether the word "joint" had been used or not, but insists that the powers conferred upon Louisa Wright by the provisions of the deed, following the express trust it created, are wholly inconsistent with the idea that it was intended that her children should take a joint interest with her in the rents and profits of the trust property during her life, and that the case is controlled by the line of cases represented by *Stace* v. *Bumgardner,* 89 Va. 418, 16 S. E. 252; *Walke* v. *Moore,* 95 Va. 729, 30 S. E. 374; *Vaughan* v. *Vaughan,* 97 Va. 322, 33 S. E. 374; *Tyack* v. *Berkeley,* 100 Va. 296, 40 S. E. 904, 93 Am. St. 963; *Honaker* v. *Duff,* 101 Va. 675, 44 S. E. 900; especially relying upon the case of *Walke* v. *Moore.*

The provisions of the deed following that part of it creating the trust, set out above, are as follows: "And at her (Louisa Wright's) death shall convey and deliver the same to such person or persons as she may appoint by an instrument in writing executed by her as last wills and testaments may at that time

be executed under the laws then in force, for which purpose full power and authority are hereby given said Louisa Raitz, notwithstanding her coverture, just as if she were a femme sole and unmarried, but should she die without making such instrument, then said trustee shall convey and deliver the same absolutely and in fee simple to said Casper Raitz, should he be then alive, but should he then be dead, then said trustee shall convey and deliver the same absolutely and in fee simple to such of his, the said Casper's children as may be then alive and the descendants of such as may be dead, such descendants taking *per stirpes*. Full power and authority are hereby given said trustee at any time with the consent in writing of said Louisa to sell said property and invest the proceeds in other property real and personal, which shall be held by him for the same objects and purposes as he holds the property hereinbefore conveyed, and with like consent from time to time to change such investment."

In *Walke* v. *Moore, supra,* an equitable fee simple estate was conveyed to the trustee, and the fact that the power was reserved to the wife to dispose of all the property by will, was considered by the court as inconsistent with an intention on the part of the grantor that the children should take a joint estate with their mother in the property conveyed. There, as the opinion says, "If the grantor had given to the children a joint estate with their mother in the property, he would not have conferred on her the futile power to give it away to other persons."

In the case before us, an estate for the life of Louisa Wright is created separate and distinct from the equitable fee simple estate in the property conveyed, and no power is conferred upon Louisa Wright or the trustee, with her consent, to defeat the joint interest of her children in this life estate, vested in them by the clear and explicit terms employed by the grantor, nor is the fact that she is given the power to dispose of the equitable

fee simple estate in the property by will, nor the provision that Casper Wright should take it after the termination of the life estate, at all inconsistent with the intention that the children should share with their mother the rents and profits arising from the property during the existence of the life estate. The provision in the deed, that the trustee might, with the consent of Louisa Wright, sell the property and re-invest the proceeds in other property, to be held upon the same trust that the property sold was held, is the usual provision found in deeds of this nature, and merely left it to the mother's discretion to say when it was to the interest of herself and children that the investment should be changed. Authority is not given to Louisa Wright to sell and re-invest, but to the trustee, with her consent, and by the terms of the deed the new property was to be held upon the same trusts that the property sold was held, which is entirely consistent with the expressed intention of the grantor that the children of Louisa Wright should share jointly with her the rents and profits arising from the trusts subject during her life.

The opinion by Buchanan, J., in *Gaskins* v. *Hunton,* 92 Va. 528, 23 S. E. 885, sustained by the authorities cited, states concisely the rule applicable in the construction of the deed here under consideration, viz: "It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed, in one part of the instrument, by clear, unambiguous and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was given."

The rule, as thus stated, is in entire harmony with the decisions of this court relied on by appellants, above named, wherein the intention to give to the woman alone and excluding her children

is deduced from the context and the language of the instrument taken as a whole. It has been rightly said that in some of the cases wherein this subject was considered, unguarded expressions are used, but, upon the whole, the doctrine clearly established is that in construing deeds or wills, where the language of the grant or gift is to "the mother and her children," or to a trustee "for the benefit of the mother and her children," the children are excluded and the mother given a fee simple *only* where it appears from the context, or the whole instrument taken together, that such was the intention of the grantor or testator. In all cases the effort is to ascertain and give effect to the intention, and the whole instrument is to be looked to for such light as it may shed upon the particular language under consideration. *Fitzpatrick v. Fitzpatrick,* 100 Va. 552, 42 S. E. 306, 93 Am. St. Rep. 976, and authorities cited.

In the case at bar, we are unable to deduce from the language employed in the deed any intention on the part of the grantor to exclude the children of Louisa Wright from sharing jointly and equally with her during her life the rents and profits arising from the property conveyed, and it follows, therefore, that the decree appealed from must be affirmed.

*Affirmed.*