Statement.

| 93 | 565 |
| 97 | 327 |

# Staunton.

## FACKLER v. BERRY AND OTHERS.

### SEPTEMBER 24, 1896.

1. DEEDS—*Conveyance to Wife—Mention of Children.*—A conveyance by a husband of land acquired by his wife, to a trustee, to hold as the absolute property of the wife "that she may have a permanent home for her life, and his children by her a pittance after her death," vests a fee simple estate in the wife. The mention of the children merely indicates the motive for the gift.

Appeal from a decree of the Circuit Court of Augusta county, pronounced May 27, 1896, in a suit in chancery wherein appellees were the complainants, and the appellant was the defendant.

*Reversed.*

The object of this suit was to have declared void a deed made by Elizabeth Fackler to her son, the appellant, in so far as said deed undertook to convey to him anything greater than an estate for the life of said Elizabeth in a tract of nineteen acres of land mentioned in the bill. It is not distinctly stated in the record, but the arguments of counsel seem to concede the fact that Elizabeth Fackler survived her husband, and then made the deed which is assailed. The other facts sufficiently appear in the opinion of the court.

*Elder & Elder*, for the appellant.

*J., J. L., & R. Bumgardner*, for the appellees.

KEITH, P., delivered the opinion of the court.

Ann Eliza Berry and others filed their bill in the Circuit Court of Augusta county, alleging that they are the children of Michael and Elizabeth Fackler, deceased; that on October 5, 1852, Michael Fackler conveyed a tract of land in the county of Augusta, containing nineteen acres, "to John B. Watts, trustee, to hold as the absolute property of his wife Elizabeth Fackler, by whom he derived the premises, that she may have a permanent home for her life, and his children by her a pittance after her death." Elizabeth Fackler, on the 31st of July, 1888, conveyed this tract of land to her son, F. P. Fackler, in *fee simple*, upon the consideration set out in the deed. The bill alleges that, under the deed from Michael Fackler to John B. Watts, trustee, Elizabeth Fackler took only a life estate, with remainder to the children of herself and Michael Fackler, and that therefore the deed from Elizabeth Fackler to F. P. Fackler conveyed to him no greater interest than Elizabeth Fackler herself possessed, and that at her death the property vested in the children of Michael and Elizabeth Fackler, and is subject to be partitioned among them.

The bill prays that F. P. Fackler, and such others of the children of Michael and Elizabeth Fackler as had not been named plaintiffs to the bill, be made parties defendants thereto, naming them; that the deed from Elizabeth Fackler to F. P. Fackler, in so far as it purports to convey anything more than the life estate of Elizabeth Fackler, may be declared null and void; that the property may be partitioned among those interested; and, if found to be incapable of partition in kind, that it be sold for the purpose of partition, and the proceeds of sale divided among those entitled.

F. P. Fackler answered the bill, and the cause came on to be heard before the Circuit Court which decreed that the deed from Elizabeth Fackler to F. P. Fackler should be de-

clared null and void, and " of no effect so far as the same is in conflict with the rights of the children and grandchild of Elizabeth Fackler," and, it being conceded that the land was not susceptible of partition, commissioners were appointed to sell it. From this decree F. P. Fackler applied to one of the judges of this court for an appeal and supersedeas, which were awarded.

The only point necessary to be decided, though others were discussed at the bar, is what estate vested in Elizabeth Fackler by the deed from Michael Fackler to John B. Watts, trustee, for her benefit.

We must, of course, give effect to the intention of the grantor, which is to be ascertained from the language used, giving to the words the meaning commonly attributed to them. The grant is to the trustee, his heirs and assigns, to hold as the absolute property of Elizabeth Fackler. Language more expressive, apt and suitable to the conveyance of a fee simple could not have been used. "Absolute" is defined to be unrestricted, unlimited, complete. It is as though the grantor had said, I give to my wife the unlimited, the unrestricted, the complete estate in the property hereby conveyed. Had the deed stopped here we cannot suppose that any question would have been raised as to the interest vested in Mrs. Fackler; but it is contended that the residue of the clause in which the grantor declares that he conveyed it as the absolute property of his wife, Elizabeth Fackler, " by whom he derived the premises, that she may have a permanent home for life and his children by her a pittance after her death," is effectual to reduce the estate in fee simple, which would otherwise have passed, to a life estate in Elizabeth Fackler, and to create a remainder in his children by her after her death.

Where an estate has been clearly vested by one portion of an instrument, it can only be divested by language equally

free from doubt.    See opinion of Buchanan, J., in *Gaskins* v. *Hunton*, 92 Va. 528, and authorities cited.

It is far from being clear that the language adverted to was designed by Michael Fackler to reduce the estate given his wife from a fee simple to a life interest.    The most that can be said of the language relied upon to vest an interest in their children under the deed from Michael Fackler to Elizabeth, his wife, is that it indicates the motive which in‑ duced the execution of that instrument.    He gives to his wife the absolute property that " she may have a permanent home for life, and his children by her a pittance after her death."    The word " that," in the sense here used, is equiv‑ alent to " in order that " " to the · end that," and was never designed to vest any interest or estate in his children by her.

There is a class of cases beginning with *Wallace* v. *Dold*, 3 Leigh 258, and running down to *Mosby* v. *Paul's Adm'r*, 88 Va. 533, in all of which the language used is far more apt and proper to create an interest in the children than that upon which we are commenting, but in each of those cases it was held that the mother took a fee simple, to the exclu‑ sion of any interest whatever in the children, who were named merely as indicating the motive or consideration for the gift.

We are of opinion that the Circuit Court erred in decreeing that the children of Michael and Elizabeth Fackler had any interest under the deed of October 5, 1852, and in directing a sale of the property for partition among them.    The de‑ cree must, therefore, be reversed, and this court will enter such decree as the Circuit Court of Augusta county should have rendered.

*Reversed.*