## Richmond.

### LINDSEY AND OTHERS v. ECKELS AND OTHERS.

#### NOVEMBER 21, 1901.

1. CONSTRUCTION OF WRITTEN INSTRUMENTS—*Intention—How Ascertained.*—In construing a deed or will, the object is to ascertain the intention of the maker as gathered from the language used and the general purpose and scope of the instrument, in the light of surrounding circumstances; and when such intention clearly appears by giving to the words their natural and ordinary meaning, technical rules of construction will not be invoked to defeat it.

2. DEEDS—*Gift to Mother and Her Children.*—A deed conveys property to a trustee for the use, maintenance and support of a mother, and for the use, maintenance and support of her issue; and the grantor further declares that it is the intention of the deed that the mother shall be supported from said property, or the proceeds thereof, during her life, and that the issue, during the life of the mother, shall be supported and educated from the proceeds of said property, and, at the death of the mother, all of the property and its proceeds shall be divided equally among such issue.

*Held:* The mother and her issue each take an equal interest in the proceeds of the property during the life of the mother, and, at her death, the issue take the property in fee simple.

Appeal from a decree of the Corporation Court of the city of Bristol, pronounced June 15, 1900, in a suit in chancery wherein appellants were the complainants and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Bullitt & Kelly, W. S. Hamilton, D. D. Hull, Jr.,* and *Bailey, Price & Byars,* for the appellants.

*H. W. Sutherland,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The deed to be construed in this case is as follows:

"This deed, made the 20th day of April, 1868, between Judith Rowland, of the one part, and Wm. G. Lindsey, of the other part, witnesseth:

"That the said Judith Rowland, for and in consideration of the affection and regard she feels towards her niece, Mrs. Rebecca J. Lindsey, the wife of the said Wm. G. Lindsey, and Rebecca J. Lindsey and the children of said Wm. G. Lindsey and Rebecca J. Lindsey, and the further consideration of the reservation by the said Judith Rowland of a right, should she see fit to claim it, to remain in the family of the said Wm. G. Lindsey and Rebecca J. Lindsey, as a member thereof, during her natural life, and to be cared for as such by the said Wm. G. Lindsey or Rebecca J., his wife, she, said Judith Rowland, doth grant, confirm, and hereby convey unto the said Wm. G. Lindsey,   *   *   *   *   *   *   *   in trust for the following uses and purposes, to-wit: For the use, support, and maintenance of the said Rebecca J. Lindsey, the wife of the said Wm. G. Lindsey, and for the use, maintenance, and education of the issue of said Wm. G. Lindsey and Rebecca J., his wife, it being the intention hereof that the said Rebecca J. Lindsey shall be supported from said property or the proceeds thereof during her life, and that the issue of the said Rebecca J. Lindsey and the said Wm. G. Lindsey, during the life of the said Rebecca J. Lindsey, shall be supported and educated from the proceeds of said property, and at the death of said Rebecca J. Lindsey, all the said property as well as proceeds arising from the

same, to be equally divided between or among the issue of the said Wm. G. Lindsey and Rebecca J. Lindsey.

"Provided, however, that the said Wm. G. Lindsey shall have power and is hereby empowered and authorized, should he deem it best to do so, to continue to hold said property or the proceeds thereof, together, for the use of the children of the said Wm. G. Lindsey and Rebecca J. Lindsey, until the youngest living one thereof shall have arrived at the age of 21 years, and then divide the said property or proceeds thereof among the said issue of the said Wm. G. Lindsey and Rebecca J. Lindsey."

The closing paragraph of the deed authorized the trustees to sell the property and reinvest the proceeds in other property to be held as specified in the deed, and further provided that none of the property or proceeds therefrom should ever in any manner become liable for the individual debts of the trustee, Wm. G. Lindsey.

Mrs. R. J. Lindsey having sold and conveyed her interest to appellant, he is claiming the entire proceeds from the property for her life, but the court below fixed her interest at one-eighth of the proceeds for her life, giving to each of her seven children one-eighth, and in this ruling there is no error.

It is argued for the appellant that the case is controlled by the line of decisions by this court, beginning with *Wallace* v. *Dold*, 3 Leigh, 278, and coming down to *Walke* v. *Moore*, 98 Va., 729.

There is no sort of conflict between that line of cases and the decree of the Corporation Court in this case, as this case is readily distinguished from them.

The late Judge Burks, in his excellent note to the opinion in *Nye* v. *Lovitt*, 2 Va. L. R., 38, referring to the class of cases beginning with *Wallace* v. *Dold*, *supra*, shows that in no one of them is the decision, that the children took no interest, rested alone on the language that the gift is to "the mother and her children," but that "the intention to give exclusively to the

woman is deduced from the context and the language of the instrument taken as a whole;" and in conclusion he says: "The decisions only show that when the gift is to the woman and her child or children, or is in trust for them, or like phraseology is used, the children are excluded *only* when it appears from the context or the whole instrument taken together, that it was the intention to exclude them." See also *Vaughan* v. *Vaughan*, 97 Va., 322.

Whether construing a deed or a will, the object is to discover *the intention*, which is to be gathered in every case from the general purpose and scope of the instrument, in the light of the surrounding circumstances. *Stace* v. *Bumgardner*, 89 Va., 418; Pom. Eq. Jur. (2nd ed.), sec. 1012.

Technical rules of construction are not to be invoked to defeat the intention of the maker of the instrument, when his or her intention clearly appears by giving to the words used their natural and ordinary import.

In this case Mrs. Lindsey is given no control whatever over the property conveyed in trust for her and her issue by W. G. Lindsey, and no power to dispose of it, either through the trustee by deed or by her will, but it is deeded by the grantor (a collateral kinswoman of Mrs. Lindsey), expressly to the trustee, and he is to manage, control, sell, and reinvest the proceeds. The consideration moves from the children as well as from the mother, and equally from the mother and from the children. The trusts upon which the property is conveyed are "for the use, support, and maintenance of said Rebecca J. Lindsey; and for the use, maintenance, and education of the issue of the said Wm. G. Lindsey and Rebecca J. Lindsey, his wife." The grantor, however, was not content to leave in doubt what she intended by the use of the language just quoted, and declared her own construction of that language, and emphasized her intention by adding: "It being the intention hereof that the said Rebecca J. Lindsey shall be supported from said property or

the proceeds thereof during her life, and that the issue of the said Rebecca J. Lindsey by the said W. G. Lindsey, during the life of the said Rebecca J. Lindsey, shall be supported and educated from the proceeds of said property." * * * * * *

If the mother, as is contended by the appellant, took the whole of the proceeds from the property during her life, the express trust in favor of the issue is defeated, and the declaration of the grantor as to her intention must be regarded as meaningless, and might as well not have been made.

Whether the language theretofore employed by the grantor creates a trust in favor of the issue of Mrs. Lindsey or not, the declaration she makes as to her intention leaves no doubt whatever that the grantor intended to create an express trust for both the support of Mrs. Lindsey and the support and education of her issue by W. G. Lindsey, out of the proceeds from the property conveyed, during the life of Mrs. Lindsey. The mother and her issue took each an equal interest in the proceeds from the property during the life of the mother, and at her death the issue take the property in fee-simple.

We are of opinion, therefore, that the decree of the lower court is plainly right, and it is affirmed.

*Affirmed.*