## Staunton.

### FITZPATRICK v. FITZPATRICK AND OTHERS.

September 18, 1902.

1. GIFTS—*Wife and Children.*—A gift to a wife and children, without more, vests a joint estate in the wife and children, in equal portions.

Appeal from a decree of the Circuit Court of Nelson county, rendered March 8, 1902, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants. Suit by the widow against her infant children for construction of her husband's will.

*Affirmed.*

The opinion states the case.

*Caskie & Coleman,* for the appellant.

*William Kinckle Allen,* for the appellees.

HARRISON, J., delivered the opinion of the court.

We are called upon to construe the following brief will, dated December 21, 1897:

"*I, Thos. P. Fitzpatrick, of Nelson county, Va., do this day make my last will. I leave to my dear wife and our sweet little children all that I possess. I am nervous about my condition. I had intended to make a long will to-day. I barely can write.*"

It is contended on behalf of appellant that, under the line of decisions beginning with *Wallace* v. *Dold*, 3 Leigh, 258, and end-

ing with the recent case of *Tyack* v. *Berkeley, ante* p. 296, the children take nothing under this will; that a devise to a mother and her children vests the fee simple estate in the mother, the mention of the children being merely the expression of the motive for the gift to her. The decisions relied on to sustain this proposition do not hold that the language, to "the mother and her children," is alone sufficient to create a fee simple in the mother. Such a conclusion would ignore the cardinal rule in the construction of wills that the intention of the testator must be ascertained and made to prevail. In some of the cases mentioned unguarded expressions are used, but, upon the whole, the doctrine clearly established is that where the language of the gift is to "the mother and her children" the children are excluded, and the mother given a fee simple *only* when it appears from the context, or the whole instrument taken together, that such was the intention of the testator. In these cases, as in all others, the effort was to ascertain and give effect to the intention, and the whole instrument was looked to for such light as it might shed upon the particular language under consideration. This is well illustrated by the case of *Vaughan* v. *Vaughan,* 97 Va. 322, in which Judge Riely says: "If the testator had stopped at the end of the first clause, 'I do hereby bequeath to my wife, Emma Lee Vaughan, and to my children, all my property of every kind, real and personal,' if this stood alone, and constituted all that related to the gift, it could not be doubted that she and the children would have taken a joint estate in all of the property." But the learned judge does not stop at the first clause. The whole will is read, and from the context the conclusion is reached that the testator intended to give a fee simple to his wife.

The view we have taken, that the language to "the mother and her children," standing alone, does not create a fee simple in the mother, is vigorously maintained by the late Judge E. C. Burks in a note to *Nye* v. *Lovitt,* 2 VA. LAW REGISTER, p. 29, in which he says: "All the Virginia cases on this subject, we be-

lieve, are cited by Judge Lewis in *Stace* v. *Bumgardner.* We invite an examination of each one of them, and we think it is safe to say that in no one of them is the decision that the children take no interest, rested on the language alone that the gift is to 'the woman and her children.' The intention to give exclusively to the woman is deduced from the context and the language of the instrument taken as a whole. We submit that if the language is to 'the woman and her children,' they take— the woman and her children—a *joint* estate, unless there is some other language in the instrument manifesting the intention that the woman should take the whole estate, and the children nothing. 'It was resolved in *Wild's Case,* as reported in 6 Coke's R. 228, and has been hitherto treated as an undeniable position, that under a devise to a parent and children, the children, if there be any, and if no manifest and certain intent appears in the will to the contrary, will take *jointly with their parent* by purchase.' Judge Moncure, in *Nickell* v. *Handly,* 10 Gratt., at p. 344. It is true, it is broadly stated by Judge Lacy in *Siebel* v. *Rapp,* 85 Va., at p. 30, that 'from the case of *Wallace* v. *Dold,* 3 Leigh, marg. p. 258, it has been held—with some respectable dissent at first—that the gift to the wife and her child was a gift to the wife—the reference to the children indicating the motive for the gift.' The cases cited by him do not support the proposition as stated by him. They only show, as has been before mentioned, that when the gift is to the woman and her child or children, or is in trust for them, or like phraseology is used, the children are excluded *only* when it appears from the context of the whole instrument taken together that it was the intention to exclude them. We insist that the resolution in *Wild's Case,* above cited, is still the law of Virginia, and that the decisions do not go counter to it, although some incautious expressions of the judges in delivering their opinions may give color to the contrary doctrine. We challenge the examination in detail of the cases to this point."

These observations by Judge Burks have been adopted with approval by this court in the case of *Lindsey* v. *Eckels,* 99 Va. 668.

In the case at bar, the testator, in disposing of his estate, employs the following language: *"I leave to my dear wife and our sweet little children all that I possess."* This is the whole will. There is no other word to look to for aid in ascertaining the intention. Where the gift of a joint estate is proposed, it would be difficult to express that purpose in clearer or more explicit terms than are here employed. To hold that this brief but apt and expressive language for creating in the mother and children a joint estate, was intended to vest a fee simple to the whole estate in the mother, would be to destroy the testator's will, and substitute one of our own making in its place.

For these reasons the decree appealed from, which holds that the appellant and her four children took a joint estate in equal portions, under the will in question, must be affirmed.

*Affirmed.*