# Richmond.

## Ralph O. Payne v. Mary A. Kennay.

November 15, 1928.

Absent, Chichester, J.

The opinion states the case.

*George S. Harnsberger*, for the appellant.

*E. D. Ott*, for the appellee.

PRENTIS, C. J., delivered the opinion of the court.

This appeal requires the construction of the will of Malinda C. Payne. She died in 1913 and her will was admitted to probate March 17, 1913. The language to be construed is:

"The entire estate both real and personal is bequeathed to my husband George W. Payne during his life; after his death to be divided as follows: The home place, containing twenty-two acres with, buildings, is bequeathed to my daughter Mrs. L. C. Kenney and her children. The tract containing nineteen acres, with buildings, adjoining the land of S. L. Rice, Jno. S. Funk, L. L. Hedrick and B. W. Maubray, is bequeathed to my son John W. Payne and children. After the death of my husband, George W. Payne, each of the two above mentioned heirs shall select a man and

these two already chosen shall select a third person, whose duty jointly shall be to appraise the estate, both real and personal, the value of the estate to be equally divided between the two above mentioned heirs. The two above mentioned heirs, Mrs. L. C. Kenney and John W. Payne, are required by the provision of this will to erect suitable tomb-stones to my grave and also to that of my husband George W. Payne.''

The bill was filed by Mary A. Kennay (called Mrs. L. C. Kenney in the will) against her brother, John W. Payne, and his three children, and her own seven children who were then in being. Two of these had been born after the death of the testatrix, Malinda C. Payne. Another has been born since the suit was instituted.

The appellant, Ralph O. Payne (one of the three children of John W. Payne named in the will), who is one of the defendants in the original suit, filed his answer, admitting most of the facts averred in this bill, but claiming that under the bill "he owns an undivided one-fourth share in fee in the nineteen acres of land referred to in said will, devised to John W. Payne and children, together with an undivided one-fourth share in fee in the amount to be paid by Mary A. Kennay and her children to John W. Payne and his children to equalize the value of the nineteen acres of land with the value of the twenty-two acres of land, which equalization is called for in said will." He avers that "Mary A. Kennay and her children, living at the death of Malinda C. Payne, take a joint estate in fee in the twenty-two acres of land, subject to the amount necessary to be paid to John W. Payne and his children to equalize the nineteen acres of land with the twenty-two acres of land, and that John W. Payne and his children, living at the death of Malinda C. Payne, take a joint estate in fee in the nineteen acres of land and a

joint estate in fee in the amount to be paid by Mary C. Kennay and her children to them to equalize the nineteen acres of land with the twenty-two acres of land."

The trial court denied the contentions of the appellant, Ralph O. Payne, and held "that according to the true construction of the will of Malinda C. Payne, Mary A. Kennay, called in the said will Mrs. L. C. Kenney, is vested with the fee simple title to that certain portion of the real estate of which the said Malinda C. Payne died seized, described in the said will as 'the home place containing twenty-two acres with buildings;' and that John W. Payne is vested with the fee simple title to that certain portion of the real estate of which the said Malinda C. Payne died seized, described in the said will as 'the tract containing nineteen acres, with buildings, adjoining the land of S. L. Rice, John S. Funk, L. L. Hedrick, and B. W. Moubray,' and doth so adjudge, order and decree; and the court is further of the opinion that according to the true construction of said will, the personal estate of the said Malinda C. Payne passes to the said Mary A. Kennay and John W. Payne in equal portions except that any difference in the values of the respective tracts of land devised to the said Mary A. Kennay and the said John W. Payne shall be adjusted in the division of the personal estate; and the court doth so adjudge, order and decree."

The question presented then is whether the children of the daughter, Mary A. Kennay, and of the son, John A. Payne, take any interest in the estate devised, or whether on the other hand the devisees so named take the entire estate in fee.

Similar questions have frequently arisen in the construction of deeds and wills.

Among the early cases in this jurisdiction is *Wallace* v. *Dold*, 3 Leigh (30 Va.) 258, as to which Riely, J., in *Vaughan* v. *Vaughan*, 97 Va. 327, 33 S. E. 603, says this: "That where the context and language of the instrument, whether a deed or will, taken together as a whole, manifest an intention that the mother should take the whole estate, although expressed to be to her and her children, the mention of the 'children' in such case merely indicates the motive or consideration for the gift, and does not vest in them any interest. *Fackler* v. *Berry*, 93 Va. 565, 25 S. E. 887 [57 Am. St. Rep. 819]; *Walke* v. *Moore*, 95 Va. 729, 30 S. E. 374, and the cases there cited; and *Jones* v. *Jones Ex'r*, 96 Va. 749, 32 S. E. 463."

In *Lindsey* v. *Eckels*, 99 Va. 670, 40 S. E. 23, in which it was held that the mother and her children each took an equal interest in the proceeds of the property during the life of the mother, and at her death her issue took the property in fee simple, this is said by Cardwell, J.: "It is argued for the appellant that the case is controlled by the line of decisions by this court, beginning with *Wallace* v. *Dold*, 3 Leigh 278, and coming down to *Walke* v. *Moore*, 98 [95] Va. 729, [30 S. E. 374]. There is no sort of conflict between that line of cases and the decree of the corporation court in this case, as this case is readily distinguished from them.

"The late Judge Burks (the elder), in his excellent note to the opinion in *Nye* v. *Lovitt* [92 Va. 710, 24 S. E. 345], 2 Va. Law. Reg. 38, referring to the class of cases beginning with *Wallace* v. *Dold*, *supra*, shows that in no one of them is the decision, that the children took no interest, rested alone on the language that the gift is to 'the mother and her children,' but that 'the intention to give exclusively to the woman is deduced from the context and the language of the instrument taken

as a whole,' and in conclusion he says: 'The decisions only show that when the gift is to the woman and her child or children, or is in trust for them, or like phraseology is used, the children are excluded only when it appears from the context or the whole instrument taken together, that it was the intention to exclude them.' See also *Vaughan* v. *Vaughan*, 97 Va. 322 [33 S. E. 603].

"Whether construing a deed or a will, the object is to discover the intention, which is to be gathered in every case from the general purpose and scope of the instrument in the light of the surrounding circumstances."

■ It has been sometimes said, without qualification (*Seibel* v. *Rapp*, 85 Va. 30, 6 S. E. 478), that a gift to the wife and her children is a gift to the wife, the reference to the children indicating the motive for the gift; but this is too broad a statement. The children are excluded only when it appears from the context of the whole instrument that it was the intention to exclude them. *Fitzpatrick* v. *Fitzpatrick*, 100 Va. 554, 42 S. E. 306, 93 Am. St. Rep. 976.

In *Tyack* v. *Berkeley*, 100 Va. 300, 40 S. E. 904, Keith, P., said: "For more than seventy years *Wallace* v. *Dold* has been the law of this State. It has been the subject of dissent and criticism, but has been followed during all that period by an unbroken line of decisions. It constitutes a rule of property, and it is manifest that it is too firmly imbedded in our jurisprudence to be disturbed otherwise than by an act of the legislature.

"It is not often that two wills or two contracts are identical in their terms. There is always more or less diversity in the circumstances which surround the parties to contracts and to wills, and the environment in some degree influences their construction. It is

therefore, oftentimes difficult to apply a rule of interpretation so as not to do violence to the primary object, which is to ascertain the true intent and meaning of the instrument be to construed." *Trout* v. *Pratt*, 106 Va. 431, 56 S. E. 165, 8 L. R. A. (N. S.) 398.

The rule is repeated by Harrison, J., in *Goodlow* v. *Woods*, 115 Va. 547, 80 S. E. 108, in this language: "The law is settled that a gift to a wife and children, without more, vests a joint estate in the wife and children in equal portions. The language 'to the mother and her children,' standing alone, is not sufficient to create a fee simple in the mother. The mother is given a fee simple only when it appears from the context, or the whole instrument taken together, that such was the intention of the testator. This rule is as applicable in the case of a gift by deed to a mother and her children as it is to such a gift by will."

It is repeated by Burks, J. (the younger), with more elaboration, in *Conrad* v. *Conrad's Ex'or*, 123 Va. 716, 97 S. E. 350. 1 Harrison on Wills & Administration, section 244; *Clark* v. *Neves*, 76 S. C. 484, 57 S. E. 614, 12 L. R. A. (N. S.) 310, note.

With this rule and its modifications so well settled, we must, of course, advert to the language of this will, and if possible determine therefrom the intention of this testatrix as therein expressed.

Having devised the two parcels of land, one to her daughter, Mrs. Kennay and her children, and the other to her son, John W. Payne and his children, both having children at that time, which standing alone should be said to create a joint estate in the devisees named and their children, we find that the will proceeds, and in addition directs that "each of the two above mentioned heirs shall select a man and these two already chosen shall select a third person, whose

duty jointly shall be to appraise the estate both real and personal, the value of the estate to be equally divided between the two above mentioned heirs.'' This language supplies the key which unlocks and discloses the intention of the testatrix. By this provision she construed her previous language, expressed her purpose and specifically directed that the entire estate should be equally divided and that it should be equally divided between two persons, clearly designated, as the ''above mentioned heirs.'' It provides for owelty of partition, to be paid by one to the other so as to accomplish this equal division. It seems to be conceded that the twenty-two acres of land given to Mrs. Kennay is worth more than the nineteen acres of land given to John W. Payne. Mrs. Kennay at the time of her mother's death had five children, the youngest of whom was less than five years of age. Is it to be conceived that the testatrix, owning this small estate, intended that guardians should be appointed for each of these infant children; that separate accounts should be kept, and that these little children should be charged with owelty of partition, when apparently they had no means of paying it? Mrs. Kennay has borne three children since that time. If they should be held as having a direct interest in the land, the result would be that Mrs. Kennay, instead of receiving one-half of the estate of the testatrix, so apparently intended, would receive only one-ninth of one-half (1-18th) of the entire estate, or if her three after-born children had no interest, then she would receive only one-sixth of one-half (1-12th) of the estate. On the other hand, John W. Payne, to whom the nineteen acre tract was so devised, instead of receiving one-half of his mother's estate, would receive only one-eighth thereof, the other three-eighths going to his three children. When the

whole scheme of the will is considered, it is manifest that it provides for an equal division of the estate between the son and daughter of the testatrix, and this purpose would be frustrated if it were held that the grandchildren take any interest thereunder. That she intended to give her entire estate to her son and daughter is emphasized by another, the concluding clause, where she not only designates them as "the two above mentioned heirs," but repeats their names and imposes a joint duty upon them to erect suitable tomb stones over the graves of her husband and herself.

Taking the will by its four corners and sitting in the chair of the testatrix, it seems to us then quite clear that the dominant purpose of the will would be defeated if the construction contended for by the appellant should be upheld. The case is controlled by *Wallace* v. *Dold*, *supra*, and the long line of cases in this jurisdiction which have followed the rule there enunciated.

It is urged that the court also erred in adjudging that any difference in the value of the respective tracts of land should be adjusted in the division of the personal estate of which Matilda C. Payne died seized.

Inasmuch as the sole appellant, Ralph O. Payne, has no title in the property, or any of it, he has no interest in this question. Only his father, John W. Payne, and Mary A. Kennay are interested in or affected by this portion of the decree. Neither of them have appealed from it, and we do not care to express an opinion upon a question which is not presented.

*Affirmed.*