BELL HOLT McCALL CO., APPELLANT, v. CAPLICE ET AL., RESPONDENTS.

No. 8647

Submitted September 24, 1946. Decided December 28, 1946.

175 Pac. (2d) 416

464

Messrs. Murphy, Garlington & Pauly and Messrs. Pope & Smith, all of Missoula, for appellants.

Messrs. Mulroney & Mulroney, of Missoula, Mr. H. C. Packer, Mr. J. D. Taylor and Mr. E. Gardner Brownlee, all of Hamilton, for respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Plaintiff brought this action to quiet title to thirteen parcels of land in Ravalli county, being parcels designated in the pleadings as parcels 2 to 14 inclusive. By the pleadings H. O. Bell seeks to have the title to parcel 1 quieted in him and his co-partners.

Plaintiff claimed to have acquired the property embraced in the parcels 2 to 14 and particularly described in the pleadings from the partnership of Bell, Reinbold & Viola M. Holt. In the chain of title there appears a deed made a few hours before his death by Harold L. Holt, one of the original partners, to Reinbold, another partner. It is this deed that furnishes the basis for the defense to the action. All parties to the action agree that the deed by Holt to Reinbold was not intended to be an absolute conveyance to Reinbold for his own benefit but that it was in legal effect a transfer in trust and that this fact was known by plaintiff when it acquired the property.

Plaintiff and appellant Bell contend that the conveyance was one in trust for Viola M. Holt, wife of Harold L. Holt, while defendants contend it was in trust for Viola Holt and her five minor children named as defendants.

If appellants' contention is sustained then they are entitled to prevail because Reinbold, after securing the deed from Harold L. Holt, conveyed to Viola M. Holt and she joined with the other partners in a deed to plaintiff. On the other hand, if defendants' contention is upheld, then their position is that the interest of the five minor children has never legally passed to plaintiff.

The court found that the original partnership was formed

in about the year 1918 and was reduced to writing in 1919, and that the ownership was by an agreement made in September, 1931, specified to be as follows: H. O. Bell, 51% ; Harold L. Holt, 24% ; Theodore Reinbold, 25%, and that upon a dissolution of the partnership the parties would share in the real estate in that proportion; that when Harold L. Holt made the deed to Reinbold it was with the understanding that Reinbold should look after the interests of Viola Holt and the children; that the deed was delivered to Reinbold but that it has since been lost; that a carbon copy was received in evidence except that it did not contain Mr. Holt's signature nor that of the notary public nor a complete schedule or description of the property intended to be conveyed; after the death of Harold L. Holt a new partnership was formed by and between Bell, Reinbold and Mrs. Viola Holt but the Holt children took no part in this partnership either through a guardian or trustee; on May 3rd, 1937, Reinbold deeded the property covered by the deed from Harold L. Holt to him, to Viola M. Holt; in this deed Reinbold did not purport to act for the children of Mrs. Holt as their trustee or otherwise; the deed was taken and held by Mrs. Holt but a few months later she returned it to Reinbold. The court found it was never finally delivered to anyone.

The court found as to parcel 1 that it was a part of the property of the original partnership and that it was agreed on October 21, 1940, that the proportion of interest and ownership was, Theodore Reinbold 10%, Viola Holt 17.3% and H. O. Bell 72.7% ; that there was no conveyance from Mrs. Holt, nor Reinbold to Bell of the greater proportion of ownership and interest than existed at Holt's death and no attempt to convey the interest of the five minor children to anyone; that as to none of the property were the minor children represented in the transactions affecting the title since it stood in the name of Harold L. Holt.

As conclusions of law the court found that the property described in parcels 2 to 14, inclusive, is owned by and in pro-

portion following: Plaintiff corporation, 80%; Theodore Reinbold as trustee for the five minor children, 20%. Parcel 1 is owned in the following proportion: H. O. Bell, 51%; Theodore Reinbold, 25%; Theodore Reinbold as trustee for Viola Holt and the five children, 24%. Judgment followed accordingly.

Plaintiff corporation and defendant H. O. Bell have appealed from the judgment.

On the issue as to whether the deed from Harold L. Holt to ██ ██ Reinbold was in trust for only the wife, or for her and the children, the court's finding that it was in trust for Mrs. Holt and the five minor children is sustained by the evidence. There was room for a finding either way and on well settled principles, we will not interfere with the trial court's finding.

Our only province is to determine whether there is substantial evidence to sustain the trial court's findings. The trial court's finding on this issue must be and is sustained. But appellants contend that even if the finding of the court be not overturned, still the test to be applied is what was the intention of Harold L. Holt when he made the transfer.

The evidence supporting the court's finding comes from two witnesses who were present when Mr. Holt signed the deed. One testified that Mr. Holt immediately before signing the deed said, "It is alright with me—as long as it is understood that Ted takes care of Viola and the children." The other witness stated in substance that Mr. Holt signed after making the statement, "providing that Ted (Reinbold) looks after the interests of Viola and the children."

In ascertaining the intention of Mr. Holt plaintiff points out that the record shows without conflict that the object to be attained was to prevent dissolution of the partnership in case of his (Mr. Holt's) death and to avoid guardianship proceedings.

Mr. Holt was not learned in the law and doubtless supposed that these results were being accomplished by the deed which had been prepared by able counsel and presented to him for his signature. The statement which he made when he signed the deed showed that he was fully as solicitous of the welfare

of the children as of his wife. He placed them in exactly the same situation. The deed was not made to the wife, accompanied by a declaration showing the motive for making the gift so as to come within the rule relied upon by plaintiff and stated in Scott on Trusts, sec. 25.3.

It is conceded that Mr. Reinbold took the property in trust for Mrs. Holt, and if that be so there is no escape from the conclusion that he also took it in trust for the children because if we accept the statements which the court found he made immediately prior to signing the deed, then the children were placed in the same situation exactly as was Mrs. Holt.

Scott on Trusts, sec. 25.3, after stating that "Property may be given to a person for the benefit of himself and his family. Whether a trust is created for the members of his family, or whether on the other hand the property is given to him absolutely, depends upon the manifestation of intention of the person who made the disposition," continues by saying: "On the other hand, the reference to the family of the donee may be interpreted as showing an intention to create a trust for members of the family and not to make an absolute gift to the donee." And in sec. 127.3 the author says, "Where property is transferred to a third person in trust for the benefit of a person and his family, a trust is undoubtedly created, but it is a question of interpretation whether the person named is the sole beneficiary of the trust, or whether members of his family are also beneficiaries. In any event, where members of the family are beneficiaries of the trust, a question arises as to who are to be included as beneficiaries and as to the extent of their interests. * * * In some cases it has been held that the intention was that the beneficiaries should take in equal shares."

In sec. 127, Restatement of the Law on Trusts, section e of the comments, it is said: "So also, if a trust is created by the terms of which the trustee is directed to apply the trust property for the support of a woman and her children, both she and her children are beneficiaries of the trust."

We shall not here attempt to reconcile the decisions on this subject. As one court puts it (Allen v. McGee, 158 Ind. 465, 62 N. E. 1002, 1003), they are "almost as 'thick as autumnal leaves that strow the brooks in Vallombrosa.'" The case of Evans v. Ockershausen, 69 App. D. C. 285, 100 F. (2d) 695, 128 A. L. R. 177, illustrates the difference between this case, where the conveyance went to a third person, and one in which it goes directly to the wife accompanied with a declaration of purpose that she look after the children. But even where the gift or bequest is made direct to the wife for her support and the care and maintenance of the children it has been held there is an express trust in favor of the children, Johnson v. Johnson, 215 Mass. 276, 102 N. E. 465; Loring v. Loring, 100 Mass. 340, although there are cases holding otherwise. See Simpson, v. Simpson, 80 Cal. 237, 22 Pac. 167.

Appellants rely upon the case of Tyack v. Berkeley, 100 Va. 296, 40 S. E. 904, 93 Am. St. Rep. 963. But in that case there were circumstances stated in the trust deed indicating that the wife was placed in a different position than the children. There the deed went to a third person as trustee but it contained a declaration that the trustee should permit the wife to "Use and possess the rents and profits for the support of herself and family."

Where the wife and children are in the same situation, as ▉ here, there is a trust in the children if there is in the wife. Fitzpatrick v. Fitzpatrick, 100 Va. 552, 42 S. E. 306, 93 Am. St. Rep. 976. And later cases in Virginia support the conclusion that where there is a devise to a parent and child or children and if no other intention appears from the instrument the donees take jointly. Goodloe v. Woods, 115 Va. 540, 80 S. E. 108; Payne v. Kennay, 151 Va. 472, 145 S. E. 300; Conner v. Everhart, 160 Va. 544, 169 S. E. 857.

The court did not err in holding that the deed from Mr. Holt ▉ to Reinbold accompanied by the declaration of Mr. Holt, created a trust in favor of the children. This conclusion does no violence to section 6784 since a resulting trust arises by op-

eration of law and oral evidence of the acts, declarations and the surrounding circumstances are admissible to show the facts out of which the trust arises and to show that the deed absolute on its face was intended as a trust. (65 C. J. 373 et seq.) A resulting trust may arise where a conveyance is made without consideration, as is the case here, and there is no enforceable contract or agreement but it appears from the circumstances that the grantee was not intended to take beneficially. Gray v. Beard, 66 Or. 59, 133 Pac. 791; O'Donnell v. McCool, 89 Wash. 537, 154 Pac. 1090; Tolon v. Johnson, 104 Okl. 201 230 Pac. 865. And since a resulting trust arises through operation of law and not out of contract it may be proved by parol. Wilson v. Wilson, 64 Mont. 533, 210 Pac. 896. It follows that his attempted deed to Viola Holt was ineffective to pass title to the part held in trust for the Holt children.

Was the court warranted in fixing the interest of the minor children in parcels 2 to 14 at 20% and the interest of the mother and children in parcel 1 at 24%?

The widow and children have only the interest of Mr. Holt and no more. "Respective interests need not be designated where there are several beneficiaries, as it is presumed they take equal interests." (65 C. J. 273. And see Scott on Trusts, sec. 127.3 and 26 R. C. L. 1185, note 7.) Here the court concluded that the Holt interest was 24%. That was his fractional interest in the property of the partnership at its inception. However, it is shown here that withdrawals were made by each partner from the partnership funds, out of proportion to his interest in the partnership property. No accounting has yet been had to determine the amount of withdrawals made by each partner prior to the death of Mr. Holt.

Under our statute, section 7987, each member of a partnership has a lien upon the shares of the other partners for the payment of the debts of the partnership and for the payment of the general balance, if any, due to him. To the same effect is Mechem on the Elements of Partnership, 2nd Ed., sec. 431. The court was right in fixing the percentage of in-

terest of each beneficiary but it should have made the interest subject to the lien, if any, for any balance due from Mr. Holt because of withdrawals in excess of his fractional interest to be established by appropriate proceedings. ''The share or interest of the respective parties in such real property can be determined, of course, only by determining the status of the partnership and the obligations of each member to it and to each other.'' Moffett v. Moffett, 131 Kan. 582, 292 Pac. 947, 950, 77 A. L. R. 294. And in the note in 77 A. L. R., page 304, it is said: ''Real estate purchased with partnership effects and held for partnership purposes, being considered as assets, is not liable to partition until a settlement of all partnership accounts has been had.'' (And see 47 C. J. 1154.)

The same contention is made regarding parcel 1 in which the court found that the interest of Mrs. Holt and the children was a 24% interest. That was the interest of Mr. Holt in that parcel and of course that interest is subject to a lien in case he had made withdrawals in excess of his proportionate share prior to his death and also to excess withdrawals, if any, made by Mrs. Holt after the death of her husband. As to parcel No. 1 the court found that Reinbold individually had a 25% interest therein. That was his correct percentage of interest at the inception of the partnership. He too had made withdrawals in excess of his proportionate share and his interest is subject to a lien for such withdrawals made since the inception of the original partnership. By the agreement made between Bell, Reinbold and Mrs. Holt on October 21, 1940, it was agreed that Reinbold's interest in the partnership was then but 10%. As between the parties to that agreement it is evidence that can be used against them of the extent of their interest as of that time, after taking into account the withdrawals made by the respective interests. Of course as to the minor children they were not and cannot be bound by that agreement.

Also as to parcel No. 1 the court held that Reinbold as trustee for Viola Holt and the five minor children had a 24% interest. That finding should be modified by holding that Reinbold has a

20% in trust for the Holt children but as to the Viola Holt interest we hold that the deed from Reinbold to Viola Holt was sufficient to pass to her the interest held by him in trust for her, viz. a 4% interest therein.

The court was correct in fixing this percentage of interest but it must be held subject to whatever lien, if any, may be established in appropriate proceedings. The judgment should be modified in accordance with the views herein stated.

Each party will pay its own costs on this appeal.

Mr. Chief Justice Lindquist and Associate Justice Adair concur.

Mr. Justice Cheadle.

I concur in the result reached. There is serious doubt in my mind as to the existence of a trust by the deed to Reinbold, or that such deed was effective for any purpose. But since the parties agree, and the trial court has held, that a trust resulted, these questions are not before us.

Mr. Justice Morris.

I dissent. The deed from Holt to Reinbold was absolute upon its face, and was given for the purpose of avoiding dissolution of the partnership. There is nothing whatever in the record to indicate that Holt had in mind any such trusteeship as that indicated by the majority opinion. He and his associates sought to continue the partnership in the event of Holt's death. Whether Holt's intention was to place his interest in the partnership under the control of his wife and leave it to her to look after the welfare of the children, or whether it was to be held for the benefit of both wife and children with the children's interest held separate and distinct from that of the wife cannot be determined from anything alleged to have been said by Holt at the time nor from anything in the record. Any conclusion as to that question can have no foundation other than surmise and speculation. When Reinbold later gave Mrs. Holt a deed to the property conveyed to him by Holt, if any title was vested in Mrs. Holt by that deed, it vested in her the same kind of title that existed in Holt—title in trust. The

property .did not lose its character as trust property by that conveyance. Trust property improperly conveyed may be followed and recovered, and does not lose its character of trust property. (65 C. J. 963).

Contrary to the holding of the lower court the deed to Mrs. Holt was delivered. It was repossessed by Reinbold but only by "borrowing" it; his trust title was not revived by the borrowing. If the conveyance to Mrs. Holt is upheld, she, holding it in trust, could not turn it into the corporation and receive stock for it. She might be estopped as to her own one-third interest to which she is entitled under sections 7072, Revised Codes, but she could not turn into the corporation the two-third interest of the five minors. No decree of court could deprive the minors of their interest in the father's estate and on that ground alone the plaintiff's title to the property could not be quieted in any action in which they were not represented by a duly appointed guardian.

In the agreement made and entered into September 7, 1939, plaintiff's Exhibit 23, Mrs. Holt as an individual, and as a member of the partnership of Bell & Reinbold, and the partnership of Bell & Holt, joined with the other members of the partnership in conveying all the Holt interest to the corporation of Bell, Holt, McCall Company, and received in lieu of the trust property thus conveyed an amount of stock in the corporation assumed to be of the approximate value of the interest of the deceased husband and father in the partnership assets. She had no power to make the conveyance, and was not entitled to have stock issued to her for the trust property.

In this action Bell, Holt, McCall Company seeks to quiet title to parcels of property described as parcels 2 to 14. H. C. Bell seeks to quiet title to parcel 1, the Hamilton station, in the partnership. The trial court, by its conclusion 1, held that Bell, Holt, McCall Company has an 80% interest in parcels 2 to 14 and Reinbold has a 20% interest in the same property in trust for the five minors. I do not agree with either of these holdings. The trial court appears to have based this division

on the assumption that Holt's 24% interest in the partnership assets, other than the Hamilton station, should be divided into six equal parts, among Mrs. Holt and the five children, and, as Mrs. Holt had reecived 155.7 shares of stock in the corporation, her interest in the assets of her deceased husband was represented by the stock. I find nothing in the record or the law to support the trial court in making a distribution as above. I can find no basis for such percentage of distribution. The entire interest of Holt was accounted for when Mrs. Holt received 155.7 shares of stock in the corporation in lieu of all the Holt interest in the partnership assets, and the five minors were entitled to two-thirds of the stock or its value under the provisions of section 7073, Revised Codes, as amended by Chapter 140 of the 1941 session laws. Under section 7073 Mrs. Holt is entitled to one-third and the five minors to two-thirds of the deceased husband and father's estate. There is nothing in the record relative to anything that Holt is alleged to have said or done to indicate that he had any intention of having his estate divided between his wife and children in any manner other than according to the law of succession—section 7073, supra, as amended. I agree with the majority that adjudication of the relative rights of the parties cannot be adjusted until the indebtedness of the respective members of the partnership has been determined, and that the partnership has a lien on each partner's share in the partnership assets to secure the payment of all advances made to each respectively. Unless an accounting is had for the purpose, it is my opinion that the court should accept the agreement of October 21, 1940, defendants' Exhibit 33, as to the percentage of the interest of H. O. Bell and Theodore Reinbold and the Holt Estate respectively, in all the assets of the partnership except parcel 1, the Hamilton station. All persons to that agreement who were sui juris should be held bound thereby as to the facts set down therein.

During the trial a number of questions were asked Bell and other witnesses which appeared to be inspired by the apparent suspicion that H. O. Bell had not dealt fairly with his business

associates. Nothing in the record sustains such suspicion if, in fact, that was the reason for the questions. On the contrary, Bell appears to have been something of a Santa Claus in his relations with his business associates. True he was exacting in his business practices, and reprimanded his partner in charge of the Hamilton station for diverting funds from the partnership business into a mining adventure in which none of the other partners had any financial interest, and told that partner he would better get out of the mining business or out of the gasoline business. Bell was fully justified in his attitude in that matter, and the incident furnished ample grounds for liquidating the partnership, but it appears that after that disagreement was adjusted, Bell generously allowed the money that had been diverted into the mining venture and lost, to be carried in the Accounts Receivable account on the partnership books. It further appears that that item in the Accounts Receivable must have been taken into account and charged to the partner when the percentage of Reinbold was fixed when the respective interests of the partners were determiend at the time the agreements looking to incorporation of the business and the partnership for the Hamilton unit, were entered into.

In my opinion the judgment of the lower court should be reversed and the cause remanded with instruction for further proceedings, and, pursuant to section 8805, Revised Codes, this court should advise the trial court as to our views on the questions hereinbefore mentioned, but that the trial court should first direct an accounting by competent accountants, one nominated by each of the contending parties, and appointed by the court; further direct that the court should not proceed until a guardian is appointed to represent such of the Holt children as are minors at the time, and also direct that an administrator be appointed to administer the Harold L. Holt estate, and, after the debts are paid or settled, distribute the proceeds of the estate according to law.

Rehearing denied January 3, 1947.