# Richmond

WILLIAM RUDOLPH ROSE, ET ALS. v. MARY W. ROSE, ET ALS.

June 19, 1950.

Record No. 3664.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Bohannan, Bohannan & Kinsey* and *Kinsey Spotswood,* for the appellants.

*William Earle White* and *Oliver A. Pollard,* for the appellees.

MILLER, J., delivered the opinion of the court.

This litigation involves the rights and interests of certain parties in two tracts of land in Sussex county and in the timber thereon.

On March 1, 1915, and June 8, 1917, respectively, R. Wachsman and wife executed deeds, each of which conveyed or undertook to convey the same two tracts of land to a named and other classified grantees, along with further rights to the one named grantee. Each deed was duly delivered and admitted to record within a few days after its execution. The material parts of these instruments follow:

"THIS DEED, made this first day of March, 1915, by and between R. Wachsman and Elizabeth his wife of the first party, and Otto R. Wachsman, of the second party * * *.

"Witnesseth: that for and in consideration of $5.00 Five Dollars, and love we have for our son Otto, The first party

sells to the second party the said Otto R. Wachsman and his children and their children with general warranty the two farms known as Robinson and Mount Airy, containing 1,513 acres of land (here follows description).

"The party of the second part, Otto R. Wachsman, has the right to sell timber on the said property and mortgage same to the amount of $2,000.00 if Otto R. Wachsman finds it necessary."

The deed of June 8, 1917, is, in part, as below:

"THIS DEED, made this 8th day of June, 1917, between R. Wachsman and Elizabeth Wachsman, his wife, parties of the first part, and Otto R. Wachsman, party of the second part * * *.

"WITNESSETH: That whereas on the 1st day of March, 1915, R. Wachsman and Elizabeth Wachsman, his wife, undertook to sell and convey to O. R. Wachsman and his children the property hereinafter conveyed by a deed which is duly recorded * * *, and whereas the said instrument of writing did not properly convey said property therein mentioned and it is the intention and object of this deed to properly grant and convey the said property which was intended to be conveyed therein, and to further cancel and declare null and void the said instrument of writing, dated on March 1st, 1915, and to execute the following deed;

"NOW, THEREFORE, for and in consideration of the sum of five ($5.00) dollars and natural love and affection they the said R. Wachsman and his wife have for their son Otto R. Wachsman, they the said parties of the first part do hereby bargain, sell, grant and convey unto the said Otto R. Wachsman and his children with general warranty of title (here follows description of land).

"It is distinctly understood and agreed by and between the party hereto that the said Otto R. Wachsman party of the second part has the right to sell all of the timber on the said property, and to further mortgage the said property to the amount of two thousand (2,000) dollars as

the said Otto R. Wachsman deems it necessary so to do."

At the time of the execution and delivery of each deed, Otto R. Wachsman had four living children, namely, Mary Elizabeth, Madonna, Theresa and Rudolph. No other child has been born to him. However, several years subsequent to delivery of both deeds, eleven children were born to three of his four children. The facts, therefore, are that Otto R. Wachsman is now living, as are his four children, all born before execution of the deeds, and his eleven grandchildren, all born since execution of the deeds.

Many years later but before institution of this litigation, namely, on July 22, 1940, three of the children of Otto R. Wachsman and their consorts, *viz.,* Mary Elizabeth Rose and husband, Madonna W. Jones and husband, and Theresa Wachsman, unmarried, conveyed all of their right, title and interest then or thereafter owned in the two tracts of land to their brother, Rudolph Wachsman, and by deed of January 28, 1941, Otto R. Wachsman and wife conveyed all of his right, title and interest, vested or contingent, in the two tracts of land to his son, Rudolph Wachsman.

It will thus be seen that the present claimant and claimants to the timber, lands and all interests therein are, on the one hand, Rudolph Wachsman, who claims full fee simple, and on the other hand, the eleven grandchildren of Otto R. Wachsman, who assert that they own interests therein as grantees under the deed of March 1, 1915.

Whether or not the eleven grandchildren of Otto R. Wachsman have any interest or estate in the land or timber thereon was raised by demurrer to the bill of complaint. That is the question to be decided.

From a decree sustaining the demurrer, the effect of which was to adjudge that the eleven grandchildren took no interest or estate under the deeds, this appeal was awarded.

By and through the deed of March 1, 1915, the named grantee and those designated by class or classes either took or did not take an estate. That original deed, if valid and if it conveyed to any one or more parties a fee simple,

determines and fixes all rights and interests. For when executed and delivered by grantor, he then intended, we think, by that instrument to effect a complete and final disposition of the lands and timber conveyed. Under the parol evidence rule, it may not be contradicted, changed or varied by the deed of June 8, 1917. *Sale* v. *Figg*, 164 Va. 402, 180 S. E. 173, and Williston on Contracts, Vol. 2, sec. 2400, p. 237. Nor may any right, interest or estate granted by the former deed be voided and annulled by the latter deed, or aided or altered by the subsequent grant, if, through the first instrument, all of grantor's title and estate was then parted with by him. If it is void or failed to grant a fee simple, then the second deed could and would be operative in its own right.

Then what estate did the first deed convey, if any, and to whom?

A mere cursory examination of the instrument discloses that it was prepared by an unskilled draftsman and one unlearned in the law. Yet in it, the dominant purpose of the grantor, R. Wachsman, is made evident. By its simple but direct language, it is obvious that he undertook to dispose of his entire estate in the farms, but to limit and restrict the inheritance thereof to the lineal descendants of Otto R. Wachsman, the first designated and only named grantee. The language, "to the second party the said Otto R. Wachsman and his *children* and their *children*," discloses that succession of the estate was attempted to be directed from Otto to his children, and then to their children and in indefinite succession, and thus place and keep the estate in Otto R. Wachsman's family for generations. However, this attempted limitation upon the inheritance by *grant,* as distinguished from *devise*, through use in a deed of the language, *viz.*, "his children and their children," is insufficient and inadequate to create a fee tail, which, if created, would have been converted into a fee simple by the terms of sec. 5150, Code, 1942 (sec. 55-12, Code, 1950).

Though the purpose of the grantor to limit and restrict

the inheritance from Otto to successive generations of his descendants appears from the phraseology, and a "family estate" was thus sought to be created, yet the language employed is inapt and insufficient in a deed to create a fee tail due to grantor's failure to use words of inheritance (limitation) such as "to Otto and the *heirs* of his body." *Larew* v. *Larew*, 146 Va. 134, 135 S. E. 819; 1 Minor, Real Property, 2nd Ed., secs. 176-177, and 179, and Graves Notes on Real Property, secs. 201-202.

The word "children" as appearing in the phrase, "to * * * Otto R. Wachsman and his children", when employed in a *deed* usually constitutes a word of purchase and not inheritance. Thus the term or word "children" must here be deemed one of purchase and it fails to limit inheritance of the estate to succeeding generations and so create a fee tail to be, by statute, converted into a fee simple. I Tiffany, Real Property, p. 61.

Failing as a fee tail and thus ineffectual and insufficient as such to be converted into a grant of a fee simple, we look again to the language of the deed to determine if its context be such as to grant to any party or parties any interest in the land.

Only Otto R. Wachsman is mentioned in the premise of the deed. In the granting clause he is by name again mentioned and the conveyance is with succession directed to be to "his children and their children." The language and context undertake to and do place in one class "his children" and in another "their children." 1 Minor, Real Property, 2nd Ed., sec. 719, p. 944 and footnote 1 thereto.

What is the effect of so classifying the two generations of children, in one of which there then were four children in being and a possibility of birth of more, while in the other there was no child *in esse?* Whatever may have been the purpose and intent of grantor, the plain language constitutes a grant to two classes, the members of one of which—the latter—are barred from taking by the rule against

perpetuities.  As was said in 41 Am. Jur., p. 58, sec. 13:

"The rule against perpetuities * * * is not a rule of construction but a positive mandate of law to be obeyed irrespective of the question of intention, and is to be applied even if the accomplishment of the expressed intent of the testator is made impossible."

That result is brought about because if the language, "to Otto and his children and their children," be construed as intending to bring within the terms of the grant as takers under the deed, the named grantee's unborn grandchildren (his present eleven grandchildren, claimants) when they came into being, then its entire context must be construed as intending that any unborn child or children that might have been born to Otto should also be included.

The deed recites a nominal consideration of $5.00, but really discloses that the reason and consideration for the conveyance was the natural "love we have for our son Otto."  We may not, therefore, indulge in the unnatural presumption that the grantor, R. Wachsman, proposed to grant an estate or future interest of any character to his unborn great grandchildren and in the same instrument exclude any unborn child or children (grantor's grandchild or grandchildren) that might thereafter be born to his son Otto.  To include unborn great grandchildren and exclude unborn grandchildren *in rerum natura* does not ordinarily occur.  Especially would that be true under the recital which shows that the consideration of the grant was primarily love and affection.  So if it be construed as attempting to grant an interest to the unborn children of Otto's children when they come into being, we must also include in the first class any additional child or children that might have been born to Otto (or may yet be born to him).  Then any child or children that may thereafter at any time be born to such persons would fall within the second class.  Any such child or children might not come into being within the life or lives of those in being (Otto and his four living children) at the time of the *delivery*

*of the deed* (which was the time when the estate was created, 1 Minor, Real Property, 2nd Ed., sec. 814) and twenty-one years and ten months thereafter.

We therefore conclude that any construction that brings within the terms of the deed as takers of any estate the eleven grandchildren of Otto, necessarily brings within its influence and as takers thereunder any unborn child of Otto and any child of such child, and thus allows and requires an application of the rule against perpetuities as to any estate that the present eleven claimant grantees would have taken upon coming into being and bars them from all interest in the land conveyed. For if a contingent gift to a class is rendered void as to one or more members thereof by the rule against perpetuities, then the gift will fail as to all in that class. 1 Minor, Real Property, 2nd Ed., sec. 824, p. 1065. Consequently we reject the construction, which, if adopted, would recognize and place an estate in Otto's grandchildren in contravention of the rule against perpetuities.

Then does the deed convey to Otto and his four children living at the time of its delivery a joint fee simple estate? We think that it does. Having concluded that the words or phrase "and their children" is inoperative and no estate could pass thereunder to Otto's grandchildren, the remaining clause "to * * * Otto R. Wachsman and his children" is apt and adequate to convey to Otto and his then living children a joint fee simple estate to the exclusion of any further child or children that might thereafter be born to Otto. They were the only persons *then in being* who were designated by name or class in the deed. It is most reasonable to conclude that it was they to and upon whom grantor primarily desired to grant and bestow the estate.

A reasonable construction which vests in persons in being a full estate *in praesenti* is favored in the law. Likewise, in the construction of deeds when the word "children" is used in the granting clause and follows a named grantee,

it is generally held, unless a contrary intent be disclosed, not to include children born subsequent to execution of the deed. *Fitzpatrick* v. *Fitzpatrick*, 100 Va. 552, 553, 42 S. E. 306, 93 Am. St. Rep. 976; *Payne* v. *Kennay*, 151 Va. 472, 145 S. E. 300; *Benbury* v. *Butts*, 184 N. C. 23, 113 S. E. 499; 1 Minor, Real Property, 2nd Ed., p. 240, sec. 179, note 5; 16 Am. Jur., "Deeds", sec. 252, and 26 C. J. S., "Deeds", sec. 125, p. 424.

Having concluded that the clause, "and their children" is ineffectual and must be discarded, we encounter no serious difficulty in determining to whom the estate was granted. We have left from which to determine to whom grant of the estate was made only the clause or words, "to the second party the said Otto R. Wachsman and his children."

In *Goodloe* v. *Woods*, 115 Va. 540, 80 S. E. 108, it is said:

"The law is settled that a gift to a wife and children without more, vests a joint estate in the wife and children in equal portions. The language 'to the mother and her children', standing alone, is not sufficient to create a fee simple in the mother. The mother is given a fee simple only when it appears from the context, or the whole instrument taken together, that such was the intention of the testator. *Fitzpatrick* v. *Fitzpatrick*, 100 Va. 552, 42 S. E. 306, 93 Am. St. Rep. 976. This rule is applicable in the case of a gift by deed to a mother and her children as it is to such a gift by will." (115 Va. at p. 547.)

We likewise find this stated in 1 Minor, Real Property, 2nd Ed., p. 240:

"If there are children living at the time of such a devise (and in this case the principle extends to conveyances also) they will take, if a contrary intention does not appear, as purchasers under the devise or conveyance, a joint estate with the parent—at common law a joint fee simple or joint life estate according as the word 'heirs' is or is not used. But in Virginia, the word 'heirs' being dispensed with by

statute, they would take a joint fee simple in every case unless a contrary intent appear upon the face of the instrument."

Of similar import are *Payne* v. *Kennay, supra; Fitzpatrick* v. *Fitzpatrick, supra,* and a note by Judge Burks to *Nye* v. *Lovitt,* 92 Va. 710, 24 S. E. 345, found in 2 Va. Law Reg. 29, at p. 38.

We are therefore of opinion that the second paragraph of the deed of March 1, 1915, which undertook to grant the two tracts of land in question was sufficient to effect a conveyance of a joint fee simple estate to Otto R. Wachsman and his four then living children in equal portions.

Then what effect upon this grant, if any, has the subsequent paragraph in the deed which undertook to give to Otto R. Wachsman the right to sell the timber and encumber the estate to the extent of $2,000 if found by him to be necessary?

It is to be remembered that Otto R. Wachsman and three of his children have deeded all of their interest and estate in the land and timber to Rudolph Wachsman, the fourth child. We need therefore only examine the paragraph in question that undertakes to give to Otto R. Wachsman additional rights with a view of determining whether it vitiates the conveyance of the joint fee simple estate granted in the earlier paragraph. Whether or not the effort to give additional rights to one grantee to sever and dispose of the timber and encumber the estate constitutes attempts to lessen, cut down or encroach *pro tanto* upon the estate of the other four grantees of a joint fee simple already conveyed and is thus repugnant thereto, rendering each or both added provisions wholly void and ineffectual need not be decided. *Browning* v. *Bluegrass Hardware Co.,* 153 Va. 20, 149 S. E. 497, and 26 C. J. S. "Deeds", sec. 131, p. 433.

We only need to conclude and do so hold that the additional and subsequent paragraph did not destroy or render void the previous grant of the joint fee simple estate

nor impair the right and power of Otto R. Wachsman and his three daughters to convey to Rudolph Wachsman all their interest and estate in the lands and timber, thus, as appears from this record, vesting in him a full fee simple estate to the farms and timber thereon.

The decree of the trial court is affirmed.

*Affirmed.*